## Hyde v. Commonwealth.

(Decided January 25, 1924.)

### Appeal from Edmonson Circuit Court.

1. Intoxicating Liquors—Affidavit in Support of Search Warrant.— Affidavit, upon which a search warrant issues, must contain a statement of facts sufficient to induce the belief in the mind of the officer issuing same that the law has been or is being violated, and it cannot be vague, ambiguous, and uncertain as to the evidence of the unlawful possession of intoxicating liquor by one against whom the warrant may be directed.

2.  Intoxicating Liquors—Affidavit Held Insufficient to Support
    Search Warrant.—Affidavit stating that affiant had reasonable
    grounds to believe defendant had intoxicating liquors in his resi-
    dence from divers reports, and that he saw defendant and another
    making a trip to his house in an intoxicated condition, held not
    sufficient to support a search warrant.

MILTON CLARK for appellant.

T. B. McGREGOR, Attorney General, and CHAS. W. LOGAN, As-
sistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE ROBINSON—Reversing.

On August 6, 1923, Nathan Meredith, constable of
Edmonson county, Kentucky, made an affidavit before
R. E. Lindsey, a justice of the peace of said county, stat-
ing that he had reasonable grounds to believe that ap-
pellant had intoxicating liquor in his residence, and upon
this affidavit the justice of the peace issued a search war-
rant directed to the sheriff or any constable of Edmon-
son county, commanding them to search the dwelling
house of appellant for intoxicating liquor.  This war-
rant was placed in the hands of the constable for execu-
tion, and on the same day a warrant for the arrest of
appellant was issued by the county judge of Edmonson
county, charging him therein with the offense of unlaw-
fully having intoxicating liquor in his possession.  He
was arrested and brought before the judge for trial.

The record fails to contain a transcript of the evi-
dence heard, but it appears that appellant was tried by
the county judge and a jury.  He was found guilty, re-
ceiving a fine of $100.00 and a sentence of 30 days in jail.

The record further discloses the fact that appellant
appealed from this judgment to the Edmonson circuit
court and the case was tried at the November term, re-
sulting in his again being convicted and given the same
punishment.

In the latter trial a jury was waived, and the case
submitted to the court on an agreed state of facts as evi-
dence, and upon the motion for a new trial being over-
ruled, an appeal is prosecuted.

It seems that acting under the search warrant issued
by the justice of the peace the residence occupied by
appellant and his family was searched, and in a closet a
small quantity of moonshine whiskey was found in a fruit
jar.

Appellant files four grounds upon which he relies for a reversal in this case. However, we find but one, the 2nd, containing real merit:

2. "Because the court erred to the prejudice of the substantial rights of the defendant in considering the testimony offered against him by the Commonwealth on the trial of this case obtained by means of an invalid search warrant, to all of which defendant objected and excepted at the time."

The search warrant of which appellant complains and upon which the search of his home and the seizure of the whiskey was based is as follows:

"The affiant, Nathan Meredith, appearing before me, a justice of the peace of Edmonson county, Kentucky, states under oath that he has reasonable grounds to believe that T. L. Hyde has intoxicating liquor in his residence. The affiant further states that his reason for believing that T. L. Hyde has booze is from divers reports and he seen T. L. Hyde and Joe Johnson making trip to his house in an intoxicated condition. This August the 6, 1923.

"NATHAN MEREDITH.

"Subscribed and sworn to before me, a justice of the peace, of Edmonson county, this August 6, 1923.

"R. E. LINDSEY, J. P."

It has been held by this court in numerous cases that the affidvait upon which a search warrant issues must contain a statement of facts sufficient to induce the belief in the mind of the officer issuing same that the law has been or is being violated. It cannot be vague, ambiguous and uncertain as to the evidence of the unlawful possession of intoxicating liquor by one against whom the warrant may be directed.

In Lakes v. Commonwealth, 200 Ky. 266, an affidavit for a search warrant stating that affiant had reasonable grounds to believe, etc., and that his reason for entertaining such a belief was general talk of the neighborhood, was held insufficient to direct the issuance of a search warrant.

In Adams v. Commonwealth, 197 Ky. 235, we find:

"A search warrant issued upon an insufficient affidavit, that is to say, an affidavit which does not

state facts sufficient to produce in the mind of the judicial officer probable cause for believing that the offense charged has been committed or is being committed, is no protection to the officer, and evidence obtained under it is inadmissible upon the trial of the defendant.''

In Carter v. Commonwealth, 197 Ky. 400, the court held:

"Under Constitution, section 10, forbidding search warrant 'without probable cause, supported by oath or affirmation,' an affidavit which merely states that the affiant 'has information' that J. H. C. has in his possession Jamacia ginger or other intoxicating beverages for the purpose of sale, is insufficient."

In Mattingly v. Commonwealth, 197 Ky. 583, it was held:

"A search warrant can not be issued on an affidavit, or under oath or affirmation, which merely states the information and belief of the person sworn as to the existence of the ground necessary to be possessed by the officer who issues the warrant.''

The affidavit presented to the court in this case did not state or show the required facts, but merely that the affiant had reasonable grounds to believe that appellant had intoxicating liquor in his residence, and his reason for believing. he had booze was based upon divers reports; and further that he had seen appellant and Joe Johnson making trips to his house in an intoxicated condition. He does not give the names of those alleged to have been the source of the divers reports or upon what state of facts he relied in his belief that booze could be found on the premises, or whether the reports were such as to inspire the belief either in his mind or in that of the magistrate issuing the warrant. Again it is vague and entirely uncertain as to whose home he referred when saying that he had seen appellant and Joe Johnson making trips to his house in an intoxicated condition. If he meant that they had been going to the residence of appellant, he would certainly have no grounds for believing that it contained whiskey, as it would be far more reasonable to suppose they had obtained it elsewhere, and after becoming intoxicated directed their steps homeward; and if he

meant that they had visited his home in an intoxicated condition, it would appear entirely reasonable that the forbidden article had been purchased at some point in the neighborhood other than at the home of appellant.

The officer issuing the search warrant must be guided alone by the facts set forth in the affidavit, and no warrant of this character should be issued upon mere pretense or flimsy, unreliable and indefinite information such as was furnished in this case.

Let the judgment be reversed.