## Vick v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Fayette Circuit Court.

1. Criminal Law—Evidence Obtained Through Invalid Search Warrant Issued by United States Commissioner is Incompetent.—Evidence of unlawful possession of intoxicating liquors obtained by federal prohibition officers under search warrant issued by United States commissioner was incompetent if warrant and affidavit did not comply with Constitution, section 10.

2. Searches and Seizures—Probable Cause for Issuing Search Warrant Must be Made to Appear to Officer Issuing it from Oath of Applicant.—"Probable cause" for issuing of search warrant, required by Constitution, section 10, must be made to appear to officer issuing it from oath of affiant applying therefor, and if that oath does

not state facts sufficient to create probable cause, issuance is un-
authorized.

3.   Searches and Seizures—Affidavits on Information and Belief are In-
sufficient to Support Search Warrant.—Under Constitution, section
10, it is insufficient for affiant applying for search warrant to state
his "information and belief" of existence of facts sought to be dis-
covered by warrant, but it must be supported by statement of facts
sufficient to create probable cause to officer called upon to issue war-
rant.

4.   Intoxicating Liquors—Affidavit for Search Warrant Held Insuf-
ficient.—Affidavit that affiant "has personally seen persons coming
therefrom (the place to be searched) today in different states of
intoxication," couched in printed language contained in sterotyped
form of affidavit, held insufficient to warrant issuance of search
warrant, in view of Constitution, section 10.

J. W. MILAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K.
BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant Vick was indicted, tried and convicted in
the Fayette circuit court charged with the offense of
having in his possession intoxicating liquors, not for any
of the permissible purposes contained in the statute. The
evidence of his guilt was obtained by federal prohibition
officers under a search warrant issued by a United States
commissioner, and if the warrant and the affidavit upon
which it was based measured up to the requirements
announced in the opinion in the case of Walters v. Com-
monwealth, 199 Ky. 182, the evidence obtained by the
search was competent and therefore admissible, otherwise
it was not. It was held in that case, as well as many other
recent ones from this court, that the "probable cause"
for the issuing of a search warrant required by section
10 of our Constitution must be made to appear to the of-
ficer issuing it from the oath of the affiant applying there-
for, and if that oath does not state facts sufficient to cre-
ate "probable cause" the officer is unauthorized to issue
the warrant. It has likewise been held that for an affiant
to state his "information and belief" of the existence
of the facts sought to be discovered by the warrant is in-
sufficient and must be supported by the statement of facts
sufficient to create probable cause to the officer called
upon to issue the warrant. The only supporting fact in
the affidavit in this case is that the affiant "has personally

seen persons coming therefrom (the place to be searched) today in different states of intoxication," and that statement is couched in printed language contained in a stereotyped form of affidavit.

In the case of Hyde v. Commonwealth, 201 Ky. 673, an affidavit of substantially the same tenor was involved and it was held to be insufficient. It will be observed that the affiant did not give the names of any of the intoxicated persons to whom he referred, or an unusual and suspicious number, nor did he state that they or any of them were unknown to him; nor did he pretend to say in what condition any of them were when they entered the searched premises, and for aught that appears they may have been intoxicated when they made such entry. In short, the substance of the whole case is that the single and isolated fact of an intoxicated person or persons leaving premises is sufficient to create probable cause to establish that they procured the intoxicants in those premises and unlawfully from the owner or possessor thereof.

The opinion referred to holds to the contrary, and our attention has been called to none of a different pronouncement, and in the absence of any such we can see no alternative except to follow that opinion, which requires a reversal of the judgment, and it is so ordered.