## Elliott v. Commonwealth.

(Decided October 29, 1926.)

### Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—No Seach Warrant May Issue Unless Facts in Written Sworn Statement of Some One Other than Officer Issuing it Create Probable Cause in Mind of Officer as Reasonably Prudent Man for Believing Articles Sought are so Harbored (Constitution, Section 10; Ky. Stats., Supp. 1926, Section 2554a-14).—No search warrant may issue unless there is a sworn statement in writing by some one other than officer issuing it stating facts sufficient to create in mind of such officer as reasonably prudent and cautious man "probable cause to" believe that articles sought are harbored by one against whom warrant is issued, in view of Constitution, section 10; Ky. Stats., Supp. 1926, section 2554a-14.

2. Intoxicating Liquors—Affiant's Statement in Affidavit for Search Warrant that he Believed from Defendant's Reputation as a Purveyor of Liquor that Package Contained Liquor, was Not Sufficient, Since it would Not Support Prosecution for False Swearing, if False.—Affiant's statement in affidavit for search warrant that he believed from defendant's reputation as a purveyor of liquor that a package contained liquor was not sufficient, since he did not say what his reputaton was or that affiant knew it, and statement would not support prosecution for false swearing, if false.

3. Intoxicating Liquors.—Statement in affidavit for search warrant for intoxicating liquor that affiant had personal knowledge that automobiles were operating all night from paint shop to be searched held too vague and indefinite.

4. Searches and Seizures.—Facts, however stated, in affidavit for search warrant, are not sufficient to create probable cause, when all taken together raise only a suspicion or surmise.

5. Searches and Seizures.—Probable cause for issuing search warrant should be supported by something of substance sufficient to create a scintilla of proof at least.

6. Searches and Seizures.—"Probable cause" refers to degree of proof necessary to produce conviction in mind of officer issuing warrant that ultimate fact sought to be discovered exists.

7. Searches and Seizures.—Demonstrated guilt of defendant after execution of search warrant cannot be taken into consideration in determining sufficiency of affidavit on which search warrant issued.

8. Intoxicating Liquors.—Affidavit by prohibition officer for search warrant for intoxicating liquors held insufficient as not creating probable cause, and evidence obtained should have been excluded in prosecution for possessing intoxicating liquors.

J. BELL NICHOLS for appellant.

F. E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

The appellant, Frank Elliott, was arrested under a warrant issued by the county judge of McCracken county, charging him with the offense of unlawfully possessing spirituous and intoxicating liquors. Upon his trial before the officer who issued the warrant he was convicted and appealed to the McCracken circuit court with a like result, and from the judgment therein he prosecutes this appeal. The sole question presented to this court and argued in brief is the sufficiency of the affidavit upon which the search warrant was issued and, in the execution of which the incriminating evidence against defendant was discovered.

The affidavit to procure the search warrant was made by a federal prohibition officer. The affiant in giving the reasons for his information and belief that the contraband article was harbored in the premises sought to be searched, stated as grounds for his information and belief: "That on this date, October 13th, 1925, affiant passed said place and saw a package put in a delivery automobile, which from its appearance and said Elliott's reputation as a purveyor of intoxicating liquor, he had reason to believe and he does so believe that the same was intoxicating liquor and that he had personal knowledge

of the fact that on Saturday night, October 10th, 1925, automobiles were operating from said paint shop all night.'' The question to be determined is: Whether that language contains a sufficient statement of facts to create in the mind of the officer who issued the warrant legal ''probable cause'' for the issuing of the search warrant?

A part of section 10 of our Constitution says: ''And no warrant shall issue to search any place . . . without probable cause supported by oath or affirmation.'' Section 2554a-14 of the 1926 supplement to Carroll's Kentucky Statutes, and which is section 14 of chapter 33, page 109, Acts of 1922, commonly known as the Rash-Gullion Act, authorizes the issuing of a search warrant only ''when affidavit of any state or federal officer, or of any reputable citizen is filed with him (the judicial officer), describing the house, building or premises, as nearly as may be, where intoxicating liquors are sold or manufactured, or disposed of, or illegally possessed in violation of this act.'' That language would seem to imply that the affidavit must not only give a reasonable description of the premises or thing to be searched, but should also be sufficiently positive in its terms as to charge that the forbidden articles sought to be discovered are therein contained. But we have uniformly held that it would be sufficient if the affidavit stated the facts sufficient to create ''probable cause'' in the mind of the officer acting as a reasonably prudent and cautious man to believe that such articles were so harbored. Some of the numerous cases so holding are Taylor v. Commonwealth, 198 Ky. 728; Neal v. Commonwealth, 203 Ky. 353; Abshire v. Commonwealth, 204 Ky. 724; Vick v. Commonwealth, 204 Ky. 514; Caudill v. Commonwealth, 198 Ky. 695, and many others referred to in those opinions as well as many succeeding ones. We have also held that inasmuch as the statute requires a written affidavit there could be no warrant issued upon an oral sworn statement, nor upon any grounds less than those required by the section of the Constitution, *supra.* Mattingly v. Commonwealth, 197 Ky. 583.

We have also held that, in view of our holding in those opinions, the judicial officer can not issue a search warrant upon his own personal knowledge. Osborne v. Commonwealth, 214 Ky. 84. So that, it is now firmly settled, and which we think is in perfect harmony with the section of our Constitution, *supra,* that no search war-

rant may issue without probable cause existing in the mind of the officer who issues it, and that such probable cause may not exist on account of any facts within his personal knowledge, but must be produced and rest upon the oath or affirmation of another; and that such oath or affirmation must contain facts justifying the belief in the mind of the officer issuing the warrant, acting as a reasonably cautious and prudent man, to believe that the one against whom the warrant is issued is guilty of harboring the articles sought to be discovered; and the statute requires that oath or affirmation to be in writing. There is no difficulty in pursuing those interpretations when it is desired to have a search, nor can it be logically or truthfully contended that such outlined procedure for the protection of the citizen, the privacy of his home and the security of his belongings, which it was the intention of the constitutional provision to protect, is either complicated or unduly favorable to the violator, since such· procedure may be easily followed, and, as stated, is fully authorized by both the Constitution and the statute. With these principles in mind we will now examine the involved language of the affidavit.

It will be noted that the affiant states as a fact that on the same day the affidavit was made he "passed said place (defendant's paint shop) and saw a package put in a delivery automobile." From that fact, and the further one of defendant's reputation as a purveyor of intoxicating liquor, he concluded that the package contained intoxicating liquor, which, to our minds, is nothing more than what might be termed a far-fetched conclusion. He does not state that the putting of the package into the delivery automobile was near to or about defendant's premises, nor how near it was to the time when affiant passed defendant's shop. No description is given of the character of package, nor is it stated that defendant owned, controlled or had anything to do with either the package or the delivery automobile, and the most that can be gleaned from the language is that affiant was passing up the street and in doing so he passed defendant's paint shop and that somewhere on his trip he saw someone put a package with no description into someone's delivery automobile, and because of that fact affiant concluded that the package contained liquor and that it came from defendant's shop. His belief is sought to be strengthened by what affiant terms the defendant's "reputation as a purveyor of intoxicating liquor," but that

language neither states what that reputation was nor that affiant knew it. Evidently the statement as to defendant's reputation contained in the affidavit is not sufficient to support a prosecution of the affiant for false swearing if it was false, since it does not state a fact; and which we held in the case of Goode v. Comonwealth, 199 Ky. 755, to be necessary as to the material facts of the affidavit. In that opinion Judge Moorman, writing for the court, said: "The usual test of the sufficiency of an affidavit is whether it is so drawn that a prosecution could be maintained thereon if any material allegation contained therein is false." It is, therefore, quite clear that the affidavit, so far as we have discussed its contents, was wholly insufficient to create legal probable cause for the issuing of the warrant.

But it is insisted that the remaining portion of the affidavit was sufficient for that purpose, or if not that the two portions together, and as a whole, were sufficient and that the county judge properly issued the warrant. Such remaining portion of the affidavit is: "And that he (affiant) had (presumptively at the time he passed defendant's shop) personal knowledge of the fact that on Saturday night, October 10, 1925, automobiles were operating from the paint shop all night." That statement is so vague and indefinite as to be difficult of analysis. In the first place, it nowhere appears as to how or from what source the affiant obtained his knowledge of that fact. It does appear that it was Saturday night when it is so universally known that we take judicial knowledge of the fact that places of business are kept open until a late hour. It does appear that defendant operated a paint shop from which, in the absence of something appearing to the contrary, it might be reasonably presumed that he painted any and all articles requiring such repairs. At any rate, it does not appear from the affidavit that the automobiles so charged to be operated did not carry any such articles to or from defendant's shop, nor is it made to appear that they carried any other articles, or even persons, except, perhaps, the drivers of them; and as to them it does not even appear whether they were intoxicated.

In the case of Hyde v. Commonwealth, 201 Ky. 673, the facts contained in the affidavit, as a basis for the warrant, were that "He (affiant) seen T. L. Hyde and Joe Johnson making trip to his (defendant's) house in an intoxicated condition," and we held the affidavit was insufficient to create the necessary probable cause. In the

later case of Vick v. Commonwealth, 204 Ky. 513, the affidavit said that the affiant "has personally seen persons coming therefrom (the place to be searched) today in different states of intoxication," and it was held insufficient to authorize the issuing of the warrant.

We are aware that the presentation of the facts in the affidavit is not measured by the same technical rules as are required for the introduction of testimony at a trial, but, notwithstanding that qualification, it has never been held by us or any other court to which our attention has been called or which we have been able to find, that the facts, howsoever stated in the affidavit, would be sufficient to create probable cause when all of them taken together only raise a suspicion or surmise. Surely, "probable cause" for the issuing of a search warrant should be supported by as much evidence as is necessary to create a scintilla of proof under what is generally known as the "scintilla rule," and we held in the cases of Poll v. Patterson, 178 Ky. 22; Langford's Executor v. Miles, 189 Ky. 515, and cases cited therein, that to apply that rule the proof should contain something of substance and that vague, uncertain and irrelevant matter not having the fitness to induce conviction would not raise a scintilla of proof upon which an issue could be submitted to the jury. The "probable cause" as used in the Constitution and as defined in our opinions necessarily refers to the degree of proof necessary to produce conviction in the mind of the officer issuing the warrant that the ultimate fact sought to be discovered exists, which, in this case, was that defendant illegally harbored in his possession intoxicating liquor which was stored in his paint shop. Now, if the officer, instead of having been called upon to weigh the facts presented to him by the affidavit in order to determine their sufficiency for issuing the warrant, had been called upon to judicially pass upon the existence or nonexistence of the ultimate fact in a final trial could he, under the standard of measurement required to create a scintilla as set out in the cases, *supra,* either find defendant guilty or even submit that issue to a jury if one was trying the case? We think it requires no argument to demonstrate that there would be no authority for so doing. Clearly, if that be true it would necessarily follow that the same statements would fall short of measuring up to the rule outlined in the cases, *supra,* for the creation of probable cause.

The demonstrated guilt of the defendant, after the execution of the warrant that issued upon the affidavit, can not be taken into consideration in determining the sufficiency of the latter, although it may, as we can truthfully say it does, cause us to reluctantly reach the conclusion we have done. The whole court considered this case and concluded that in the light of the foregoing principles the affidavit for the search warrant was insufficient, and that defendant's objection to the testimony should have been sustained.

Wherefore, the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion. Whole court sitting.