LITTLE v. STATE.

(Division B. Feb. 11, 1935.)

[159 So. 103. No. 31622.]

Martin & Berry, of Prentiss, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **G. L. Martin** and **Ovie L. Berry**, for appellant.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Simpson county of the crime of unlawfully possessing a distillery, commonly called a "still," and sentenced to the penitentiary for a term of three years. From that judgment he prosecutes this appeal.

The evidence upon which appellant was convicted was obtained by means of a search of his premises and his home by three investigators from the Federal Bureau of Internal Revenue. The search was made without a search warrant, and there was no evidence of probable cause. This evidence was admitted over appellant's objection. The federal officers seized the still and destroyed it, as was their duty under federal law.

Appellant's contention is that the evidence was obtained in violation of section 23 of the Constitution (the unreasonable search and seizure provision) and was therefore inadmissible. While the state contends that the constitutional provision has no application to federal officers, so far as state authority is concerned they are no more than private individuals.

In Hampton v. State, 132 Miss. 154, 96 So. 165, 166, the court held that the constitutional provision against unreasonable search and seizure did not apply to unauthorized acts of private individuals.

The question is whether federal officers making an illegal search are to be considered and treated as private

individuals in the state courts. If we were to follow the reasoning of the Supreme Court of the United States, we would hold that they should be so considered. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652; L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Search and Seizure (Cornelius) 2 Ed., p. 61, sec. 17, and case notes. However, in the Byars case the Supreme Court held that the evidence obtained by a joint illegal search by federal and state officers should be suppressed. In other words, in such a case the state officers were not to be treated as private individuals. The decisions of the Supreme Court on this question are not binding on the state courts; they are only persuasive. Some of the state courts have followed the reasoning of the Supreme Court. The Kentucky and Missouri courts have held to the contrary; they have rejected the evidence of federal officers in state courts unless obtained by valid federal search warrants. Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839, 841; Caudill v. Commonwealth, 202 Ky. 730, 261 S. W. 253; Vick v. Commonwealth, 204 Ky. 513, 264 S. W. 1079; State v. Rebasti, 306 Mo. 336, 267 S. W. 858. The Kentucky court, in discussing the question in the Walters case, used this language:

"But as the same act of a citizen of both a state and the United States renders him amenable to both sovereignties under which he must live, if each but protects him under similar guaranties of their respective Constitutions against unlawful activities of its own officers, it would result that state officials might search a citizen without a warrant, and the evidence thus unlawfully obtained be used against him in the federal courts, and he likewise would be without protection in the state courts against unreasonable searches by federal

officers other than by an action for damages, which both the courts of this commonwealth and of the United States have held inadequate.

"Surely the same guaranties by the dual sovereignty mean more than that, and they should be so construed as more effectively to protect the citizens' immunities from governmental interference, which each within its sphere has declared sacred.

"To us it seems possible that this end may be attained only by holding, either that no prosecution in the state courts can be sustained by evidence obtained by federal officers acting under authority or color of office, or that such evidence will be incompetent unless obtained under a valid federal search warrant, as is the rule with reference to state officers."

For the sake of uniformity of decision between the Supreme Court and the courts of this state, we would resolve any doubt in favor of the holding of that court; but we think decidedly the better and sounder reasoning is that federal officers making an illegal search are not to be treated in the courts of the state as private individuals. To so hold in no wise trenches on the decision in the Hampton case. In that case the search was made neither by a federal officer nor a state officer, but by a private individual. Many acts in common are denounced as crimes both by the Congress and the Legislatures of the states. If the fruits of an illegal search under federal authority can be used in the state courts, and vice versa, the constitutional guaranty would be to a large extent nullified. Federal authority within its sphere operates in all the states, while state authority is bound down by state lines. In a large sense federal officers are state officers as well; they have the right to act in the states, while state officers cannot go beyond the state lines.

Reversed and remanded.