## Ramsey v. Commonwealth.

February 23, 1951.

James S. Forester, Judge.

J. K. Beasley and W. E. Wall for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

CLAY, COMMISSIONER—Reversing.

Appellant was convicted of possessing beer for the purpose of sale in local option territory.

No evidence was introduced by the Commonwealth to show that the place of the crime was in territory where prohibition was in effect. We have held on several occasions this constitutes reversible error. See Burton et al. v. Commonwealth, 274 Ky. 655, 120 S.W.2d 213, and Sipple v. Commonwealth, 300 Ky. 725, 190 S.W.2d 354.

The Commonwealth argues, however, that in view of the fact this Court has upheld a local option election in Harlan County (where appellant was convicted) in Jackson et al. v. Bolt, 292 Ky. 503, 166 S.W.2d 831, we should take judicial notice that Harlan County is dry. However, that case was decided in 1942, and we do not have any notice, by our records, that Harlan County is still dry territory.

Since a proper indictment in this type of prosecution must include an allegation that the local option law is in force, it is necessary for the Commonwealth to prove this fact at the trial.

The appeal is granted, and the judgment is reversed with directions to grant appellant a new trial.