## CLICK v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 21, 1952.

Edward L. Allen, Prestonsburg, for appellant.

A. E. Funk, Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of possessing intoxicating liquor in dry territory for the purpose of sale.

He first contends that his demurrer to the indictment should have been sustained because it failed to allege that he "knowingly" possessed the alcoholic beverage. Such allegation would be necessary if he were being prosecuted under KRS 243.840. However, the indictment charges an offense under KRS 242.230. It was not defective.

Appellant next contends that there was insufficient evidence presented against him. This contention is based principally on the ground that the arresting officers made an illegal search. It appears that these officers had observed a number of cars stopping for short intervals near an automobile parked on the highway in front of appellant's home. Upon going over to investigate, they found him trying to hide behind the car, and upon looking through the car window, they observed on the back seat approximately a half case of whiskey in bottles. The officers did not make an illegal search, and the circumstances justified their making the arrest. See Rowland v. Commonwealth, 202 Ky. 92, 259 S.W. 33. The testimony of the officers, coupled with appellant's reputation for unlawfully dealing in liquor, was certainly sufficient to sustain the verdict.

Lastly, appellant contends the judgment must be reversed because the Commonwealth failed to prove that the alleged offense was committed in dry territory. We have recently held that this is a fatal deficiency. Ramsey v. Commonwealth, 314 Ky. 702, 236 S.W.2d 930. The Common-

wealth argues that a stipulation in the case to the effect that appellant had twice before been convicted of a similar offense was proof that the place in question was in dry territory. However, it seems clear that even though Floyd County was dry in 1949 when appellant was before convicted, that is not proof that prohibition was in effect in 1951 when the latest offense was allegedly committed. If the trial judge had taken judicial notice of the fact that Floyd County was still dry territory, and such cognizance had been affirmatively shown in the record, it might have cured the omission. In the absence of such showing or other proof, the judgment must be reversed on this ground for a new trial.

The judgment is reversed for consistent proceedings.