Green HARRISON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 17, 1963.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., James G. Osborne, Asst. Atty. Gen., Frankfort, for appellee.

BIRD, Judge.

Green Harrison was convicted of unlawfully possessing alcoholic liquors in local option territory.

On appeal to this Court he contends that the evidence was insufficient to sustain a conviction and that the court erroneously permitted the prosecuting attorney to go beyond the record and thus inflame the jury to his prejudice.

The testimony shows that 56 cans of beer were found during a search of Harrison's premises and there was further testimony to the effect that Harrison had the reputation of being illegally engaged in the traffic of alcoholic liquors. Harrison testified that he had the beer for his personal use.

Evidence of the possession of 56 cans of beer plus evidence of Harrison's reputation for being illegally engaged in the liquor business is sufficient to sustain a conviction.

It must be conceded however that the quality of evidence required to sustain a conviction in a case of this type is very poor.

With the quantity so slight and the quality so poor the prosecuting attorney and the trial court should be extremely careful to keep extraneous matter from being considered by the jury.

In the present case the prosecuting attorney said: "The people of Jackson County know what sorrow drinking and bootlegging cause in Jackson County." He further said: "Most of the murder cases that are tried are caused by liquor." He further said to the jury: "You have a right to use what knowledge you have in trying these cases."

Considering the quantity of evidence, the quantity of beverage found and poor quality of substantive evidence required for conviction the prosecutor's argument, as quoted, could reasonably have influenced the jury in its determination of this case. We consider the argument prejudicial.

The motion for appeal is therefore granted and the judgment is reversed.