**Edward CARNES, Appellant,**

v

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1966.

Sampson B. Knuckles, Barbourville, Ky., for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, Ky., for appellee.

CLAY, Commissioner.

Appellant was convicted of possession of alcoholic beverages for sale in local option territory, a second offense, was fined $100 and given a jail sentence of 60 days.

The first contention is that the indictment was fatally defective in that it did not allege the conviction of the first offense as being prior to the second offense with which appellant was charged. We do not find in the record any motion attacking the indictment. (See RCr 8.14, 8.16 and 8.18.) Assuming there was, the statement in the indictment, "second offense", was sufficient to apprise the defendant under RCr 6.10(2) of the essential facts constituting the specific offense with which he was charged. See Brown v. Commonwealth, Ky., 378 S.W.2d 608. Under RCr 6.12 we find no prejudice of defendant's substantial rights. (It might be observed that defendant's punishment was within the limits fixed by statute for the principal offense charged.)

It is next contended that the evidence of defendant's prior conviction was inadmissible because the warrant issued in that proceeding was defective. Of course defendant cannot succeed in a collateral attack on the judgment for a defect that would not render it void.

It is finally contended the Commonwealth's attorney used improper language in his closing argument to the jury. These statements were made:

"You don't find bootleggers around here feeling sorry for these little children that go hungry and starving. You never seen them coming to the Orphanage or come to the church, or come somewhere and

say here's some money, here's some help, here's some clothing. They're the last ones to ever do any help."

\* \* \* \* \* \*

"I have been your Commonwealth's Attorney four years and I truthfully say, ladies and gentlemen, that ninety per cent of our crime is a direct result of alcoholic beverage, liquor, beer, these broken homes, these divorces, this child desertion, the wrecks on the highway, robberies, you can trace about every one of them to liquor."

 There was no evidence in the record to support comments of this character. We have heretofore condemned similar remarks. Harrison v. Commonwealth, Ky., 368 S.W.2d 171. This type of argument is obviously designed to influence and inflame the jury. We cannot assume it did not have the prejudicial effect intended. The judgment must be reversed on this ground.

Appellant raises an academic question with respect to the "good behavior" bond he was required to execute under KRS 242.410, which we decline to decide.

The judgment is reversed.

PALMORE, C. J., and STEWART and HILL, JJ., dissenting.

PALMORE, Chief Justice (dissenting).

I do not agree that the statements of the Commonwealth's Attorney justify a reversal of this conviction. The first comment in substance was that bootleggers are bad citizens. They are. The second was that a very high percentage of crime, automobile accidents, and domestic troubles is attributable to the consumption of alcoholic beverages. That too is common knowledge. Under KRS 242.990(1) the jurors could have fixed the appellant's punishment at a $200 fine and 120 days in jail. That they fixed it at exactly half ($100 and 60 days) would seem proof enough that they were not so chicken-headed as to be "inflamed" and "prejudiced" by these harmless remarks of the prosecutor.

STEWART and HILL, JJ., concur in this dissent.