**Quillie PATTERSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1967.

J. W. Jordan, Barbourville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Quillie Patterson moves for an appeal from and reversal of a judgment entered pursuant to a jury verdict finding her guilty of selling alcoholic beverages in dry territory and fixing her punishment at a $20 fine and 30 days in jail. KRS 21.140(2); KRS 242.230(1); KRS 242.990(1).

The evidence, though given by only one witness, was sufficient to support a finding by the jury that Mrs. Patterson sold six cans of beer for $3 to Charles Pyle, the witness. However, it was not proved that the sale was made in dry territory. Such an omission is fatal on a motion for directed verdict, which motion was made in Mrs. Patterson's behalf both at the close of the Commonwealth's case and at the close of all the evidence and was overruled. Ramsey v. Commonwealth, 314 Ky. 702, 236 S.W.2d 930 (1951); Click v. Commonwealth, Ky., 247 S.W.2d 371 (1952).

In Click v. Commonwealth, Ky., 247 S.W.2d 371 (1952), it was stipulated in the trial proceeding that the appellant twice before had been convicted of a similar offense, and in answer to the Commonwealth's contention that the stipulation was sufficient proof that Floyd County was dry territory this court said:

"However, it seems clear that even though Floyd County was dry in 1949 when appellant was before convicted, that is not proof that prohibition was in effect in 1951 when the latest offense was allegedly committed. If the trial judge had taken ju-

dicial notice of the fact that Floyd County was still dry territory, and such cognizance had been affirmatively shown in the record, it might have cured the omission. In the absence of such showing or other proof, the judgment must be reversed on this ground for a new trial."

■ In the instant case there was no affirmative showing of any kind that Knox County was dry territory. Appellant therefore was entitled to a directed verdict.

The motion for appeal is sustained and the cause reversed with directions for a new trial.