Robert ROGERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 9, 1968.

**131**

J. B. Johnson, Jr., Williamsburg, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Having been convicted of possessing alcoholic beverage for sale in local option territory, Robert Rogers prosecutes this appeal by appropriate motion, attacking the sufficiency of the affidavit in support of the search warrant and asserting prejudicial misconduct of the trial judge.

■ Omitting the caption and other irrelevant portions of the affidavit, we quote so much of it as constitutes the basis of the claimed error: "The affiant states that he bases the aforesaid belief on his own knowledge and observations made by him that this affiant on March 17, 1967 at 11:00 A.M. saw a man coming from the above premises, with a brown paper bag, which appeared to be a 6 pack-beer. The man also appeared to be intoxicated—affiant knows said man as a Mr. Mobley. The affiant says Robert Rogers has a reputation as a bootlegger and he has some beer, whiskey and other alcoholic beverages now in his house or premises adjacent thereto on today for the purpose of sale, gift or barter in violation of the Local Option Law."

The applicable principles respecting issuance of a search warrant have been stated frequently. Kentucky Constitution, Section 10, provides in part that " * * * no warrant shall issue to search any place, * * * without probable cause supported by oath or affirmation." The vital question before us is whether the quoted affidavit was sufficient to afford basis for the constitutionally required "probable cause." In our view, it was.

Appellant relies on Elliott v. Commonwealth, 216 Ky. 270, 287 S.W. 726, in which a closely similar question was presented. In Elliott the court referred to Goode v. Commonwealth, 199 Ky. 755, 252 S.W. 105, wherein it was recited that the usual test of sufficiency of an affidavit for a search warrant is whether it is so drawn as to support a prosecution of the affiant for false swearing in the event its allegations are proven false. We have other cases reaffirming that test, but in light of recent developments in the law, we question whether they are still sound.

■ In Henson v. Commonwealth, Ky., 347 S.W.2d 546, we specifically renounced the "ultimate fact" theory as a basis for deducing "probable cause" from an affidavit for a search warrant. That decision has been followed in Smallwood v. Commonwealth, Ky., 349 S.W.2d 830; Scamahorne v. Commonwealth, Ky., 376 S.W.2d 686; and other opinions.[1] It would appear, therefore, that the basis for testing the sufficiency of the affidavit by whether its author could be sued or prosecuted for false swearing no longer exists. Reference is had to Gossett v. Commonwealth, Ky., 426 S.W.2d 485, wherein we recognized the more modern guideline laid down in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. We adhere to the principles therein enunciated and have no difficulty in concluding that the allegations of the affidavit under consideration were adequate to support a finding of "probable cause" by the issuing magistrate. If this case should be deemed "doubtful or mar-

1. Cf. Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

ginal," the resolution of that doubt is tipped in favor of the warrant. To the extent that Elliott v. Commonwealth, 216 Ky. 270, 287 S.W. 726, may be deemed in conflict with this opinion, it is overruled.

The Commonwealth announced closed before having proved that Whitley County is local option territory as prescribed by KRS Chapter 242. At that point appellant moved the court for a directed verdict of acquittal, which was denied. Thereupon the appellant announced closed. Then it was, according to the brief for the appellant (and not denied in the appellee's brief), that the presiding judge whispered to the Commonwealth's attorney that the latter had inadvertently failed to prove the existence of local option in Whitley County. After receiving this information from the judge, the prosecuting attorney moved the court for permission to reopen the case, and the motion was sustained over the appellant's objection. Then the technical proof of existing local option was introduced. Appellant was then permitted to reopen his case.

■ We are committed to the proposition that the trial judge shall refrain from partisan participation in litigation over which he presides. Merritt v. Commonwealth, Ky., 386 S.W.2d 727; Preston v. Commonwealth, Ky., 406 S.W.2d 398. It remains to determine whether the alleged actions of the trial judge were of such a nature as to warrant reversal of this conviction. We conclude that they were not.

As recently as Patterson v. Commonwealth, Ky., 411 S.W.2d 940, we held that the failure of the prosecution to show that the offense charged had occurred in dry territory was fatal. Upon re-examination of that question, we are persuaded that the rule followed in Patterson, and many cases prior to it, is unrealistically strict and should no longer be followed. Cf. Eagle v. Cox, 268 Ky. 58, 103 S.W.2d 682; Lord v. Delaware Liquor Commission, 2 Terry 154, 41 Del. 154, 17 A.2d 230 (1941); Newman v. State, 248 Ala. 486, 28 So.2d 313.

In 29 Am.Jur.2d, Evidence, Section 76, Pages 106–108, it is said in pertinent part:

"In general, the courts will take judicial notice of matters of general or common knowledge concerning the political rights and welfare of the public, and of the political history of the United States and of the several states. The courts have taken judicial notice of the dates of general elections provided by general statutes of the state; the fact that primary elections are a fundamental part of our political system; the qualifications prescribed from time to time for electors; the existence of various political parties and the manner in which candidates are selected; the vote at a particular election and the general result thereof, including the successful candidates; the political affiliations of prominent office holders; the relative strength of the various political parties in a certain locality; the fact of a contest over the results of an election; and the fact that public officers are not above accusations of corruption in their official duties.

"The national flag and seal of every state or sovereign recognized by the executive power of the United States will be judicially noticed by every court in the Union without proof. However, judicial notice will not be taken of the seal of a newly established foreign country which has not yet been recognized by the United States."

■ Of like import is the statement in 31 C.J.S. Evidence § 51, page 1044, where it is written: "Matters of general law or common knowledge relating to elections, including elections on propositions, and to appointments will be judicially noticed."

It seems anomalous that the Whitley Circuit Court may judicially note the national flags of Tanzania and Trinidad & Tobago, as well as the seal of Surinam, while that same court must profess total ignorance of the result of a public election in the county where it sits, involving so

important a matter as local option. We think it stultifies the dignity of the court to require proof of such a generally known public matter, particularly in situations where prosecutions for violation of the local option law recur with monotonous regularity at each term of the court. In these circumstances, it is our view that the action of the trial court in prompting the Commonwealth's attorney was not prejudicial. RCr 9.24.

 Henceforth, absent some special issue as to the existence of local option, the trial court will take judicial notice of the county's status in this respect. It follows that Patterson v. Commonwealth, Ky., 411 S.W.2d 940; Ramsey v. Commonwealth, 314 Ky. 702, 236 S.W.2d 930; Click v. Commonwealth, Ky., 247 S.W.2d 371; and cases of like import are overruled to the extent they may be in conflict herewith.

The motion for appeal is overruled.

All concur.