Homer BAKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 2, 1971.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Homer Baker, was convicted of the third offense of selling alcoholic beverages in dry territory, KRS 242.230, and sentenced to imprisonment in the penitentiary for a period of one year.

He relies upon the following grounds for reversal of the judgment: (1) The evidence did not sustain the conviction; (2) the court failed to admonish the jury concerning the testimony of an accomplice; and (3) the instructions were erroneous.

On May 28, 1970, three agents of the Alcoholic Beverage Control Board went to the home of the appellant and sought to purchase from him a carton of beer. Appellant stated that he was out of beer but had some wine and the agents purchased a pint of wine for the sum of $1.50. The purchase was made in Leslie County, Kentucky. This purchase of wine was the basis for the indictment.

At the trial, two previous convictions were shown by the judgment book for Magistrate's Court, District #1, which showed convictions of appellant for possession of alcoholic beverages in dry local option territory on March 12, 1966 and November 8, 1969. In both cases appellant was punished by imposition of a fine and costs but the record does not indicate the imposition of a jail sentence in either case, nor does it show the date of the commission of either offense.

With respect to the contention that the evidence was insufficient to support the verdict, the appellant first says that there was no evidence to show that Leslie County, Kentucky, was a dry territory. Appellant is mistaken in this argument because one of the Alcoholic Beverage Control Board's agents testified that Leslie County was a dry county. Although appellant objected to this testimony, the objection was overruled and the ruling upon the objection is not challenged by this appeal.

In any event we have held that unless a specific issue is made in the trial court in local option cases as to whether the area was in fact dry territory, the circuit court can take judicial knowledge of that fact without introduction of proof. Rogers v. Commonwealth, Ky., 424 S.W.2d 130 (1968).

Appellant next contends that the evidence was not sufficient to show two previous offenses of violation of KRS 242.130. He makes two arguments in this respect. First, he contends that a violation of KRS 242.130 requires the imposition of a jail sentence and since the court records do not indicate that a jail sentence was imposed for either of the alleged previous offenses, the previous convictions on those charges did not authorize the imposition of punishment for a third offense in the present case.

The increased punishment authorized by statute for a third violation is predicated upon the showing of the two previous convictions and it is not material that the sentence imposed for the previous convictions was improper or that a jail sentence, if imposed thereon, was not served. The important element is the showing of the commission and conviction of the two previous offenses, not the fact that punishment was imposed therefor. Winn v. Commonwealth, Ky., 303 S.W.2d 275 (1957).

Appellant further argues that the evidence does not establish the proper sequence of the commission and conviction of offenses. It is, of course, necessary to show that the commission and conviction of the first offense preceded the commission and conviction of the second offense and that the commission and conviction of the second offense preceded the commission of the third offense. Marcum v. Commonwealth, Ky., 398 S.W.2d 886 (1966).

The judgment book showed the dates of the two previous convictions but did not show the date of the commission of those offenses. The conviction dates were March 12, 1966 and November 8, 1969. The possibility existed that the second offense may have been committed before the conviction of the first offense.

Prosecutions for misdemeanors are barred in Kentucky unless commenced within one year after the commission of the misdemeanor. This fact, coupled with the passage of more than three years between the first and second convictions, furnished abundant circumstantial evidence of the required progressive sequence. Green v. Commonwealth, Ky., 413 S.W.2d 329 (1967).

■ The appellant contends that the Alcoholic Beverage Control Board agent who made the purchase of the wine from him was an accomplice in the commission of the crime involved and that the court erred in failing to instruct the jury that a conviction could not be had upon the testimony of an accomplice unless there was corroborating evidence tending to connect the appellant with the commission of the offense. This claim is without merit. We have held in many cases that one who purchased alcoholic beverages in dry territory was not an accomplice of the seller. Dunaway v. Commonwealth, 239 Ky. 166, 39 S.W.2d 242 (1931) and cases cited therein.

■ Appellant finally contends that the instructions were erroneous because they did not properly inform the jury of the necessary sequence of the commission and conviction of the first, second and third offenses. A defendant must make known to the trial court the specific grounds of his objections to the instructions during the trial or in a motion for new trial. RCr 9.54. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964).

There was no specific objection to the instructions, either during the trial or in the motion and grounds for new trial, directed to the issue which appellant now seeks to have reviewed. This issue, therefore, has not been preserved for review.

■ The appellant asserted in his brief that the indictment failed to properly charge a third offense but failed to point out in what respect it was defective and neglected to present any argument in support of that assertion. In this matter also, he has not made a sufficient showing of error to entitle him to review.

Judgment affirmed.

All concur.