Homer **ROBERTS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 2, 1971.

Rehearing Denied June 11, 1971.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Homer Roberts appeals from a judgment entered in accordance with a jury verdict; he was convicted of violation of KRS 242.230 (illegal traffic in intoxicating liquor in local option territory). His sentence was one year in the penitentiary under the enhanced penalty provisions of KRS 242.990 because this was his third offense involving violation of KRS 242.-230.

Roberts appeals upon four gounds: (a) the indictment charging him with commission of the offense was defective; (b) the previous convictions on which the enhanced penalty was based were void; (c) the instructions to the jury were prejudicially erroneous; (d) the trial court erred in not giving an instruction on the effect of testimony by an accomplice.

The indictment charged a public offense. It stated the details of the commission of a violation of KRS 242.230 in May 1970; it alleged this was appellant's third offense of violation of that statute. This was sufficient under RCr 6.10(2) of the essential facts constituting the spe-

cific offense with which he was charged. Cf. Carnes v. Commonwealth, Ky., 406 S.W.2d 849 (1966); also see Baker v. Commonwealth, Ky., 465 S.W.2d 305.

A judgment book was used without objection as part of the testimony of two justices of the peace who stated that appellant had been convicted on two prior occasions for violation of the liquor law. The justice of the peace who heard the cases confirmed the book entries, and his successor in office recited the recorded evidence of the convictions. Appellant's attack appears to direct itself to the proposition that the sentences imposed for the prior convictions were lighter punishment than was required by the statute. The trial for the instant offense may not be converted into a collateral attack on the procedural validity of the prior final judgments. Spears v. Commonwealth, Ky., 462 S.W.2d 931 (1971). The prior judgments which were admitted without objection were adequate to demonstrate the essential elements to evidence defendant's conviction of the prior offenses.

The appellant's argument that he was entitled to an instruction on the effect of accomplice testimony is based upon the premise that the officer who made a purchase of liquor from him is an accomplice. This argument is decided adversely to appellant's contention in Baker v. Commonwealth, Ky., 465 S.W.2d 305.

Appellant's assertion that the instructions to the jury were technically erroneous in that they did not include all of the basic requirements of general habitual criminal instructions is not reviewable. This type of objection was not made to the trial judge at the time the instructions were given nor was such character of objection presented in the trial court in the motion for a new trial. By cross examination of the justices of the peace and according to appellant's own testimony, it was clearly established that he had committed the prior offenses and had been convicted of them. Therefore, any technical error in the instructions in this respect, which was not raised in the trial court, is not of sufficient magnitude to warrant reversal of the conviction.

The appellant's complaint concerning a lack of evidence to demonstrate that Leslie County is a dry county under local option is answered by our decision in Baker v. Commonwealth, Ky., 465 S.W.2d 305. In addition, the recitation in the judgment is sufficient recognition that judicial notice was taken that Leslie County was local option dry territory. See Rogers v. Commonwealth, Ky., 424 S.W.2d 130 (1968).

The judgment is affirmed.

All concur.