Dennis TURNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1978.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, VANCE and WINTER-SHEIMER, JJ.

HAYES, Judge.

Appellant was convicted of unlawful possession of alcoholic beverages for the purpose of sale in a dry territory (second offense) in violation of KRS 242.230. Appellant was sentenced to serve sixty (60) days in the county jail and was ordered to pay a fine of Two Hundred Dollars ($200.00). Appellant's trial counsel offered several objections at trial, but only two issues are raised on appeal. They are: (1) whether proof that Jackson County, Kentucky, is located in a local option dry territory was sufficiently presented; and, (2) whether the trial court properly ruled on the defendant's motion for a directed verdict where there was no introduction into evidence of either the alleged whiskey or of proof that a chemical analysis had been performed to show that the liquid was in fact an alcoholic beverage within the meaning of KRS 242.-230.

A review of the record in light of existing authority supports the appellee's position that the proof that Jackson County is a local option territory was sufficient. At several points in the transcript of evidence it was made apparent that the alleged transaction had occurred in Jackson County. Then, in the judgment, it was recited by the judge that appellant was guilty of "selling alcholic [sic] beverages in dry local option territory—second offense." Thus, it was evident the transaction had occurred in Jackson County and the judge recited in the judgment that the verdict of the jury was that appellant had sold alcoholic beverages in dry local option territory.

■ Until 1968 this method of proving that a particular county was a local option territory was unacceptable. However, in *Rogers v. Commonwealth*, Ky., 424 S.W.2d 130, 132–33 (1968) the Court of Appeals stated its new position on this issue as follows:

As recently as *Patterson v. Commonwealth*, Ky., 411 S.W.2d 940, we held that the failure of the prosecution to show that the offense charged had occurred in dry territory was fatal. Upon re-examination of that question, we are persuaded that the rule followed in *Patterson*, and many cases prior to it, is unrealistically strict and should no longer be followed [citing cases].

We think it stultifies the dignity of the Court to require proof of such a generally known public matter  .  .  .

Henceforth, absent some special issue as to the existence of local option, the trial court will take judicial notice of the county's status in this respect.

This was reaffirmed in *Baker v. Commonwealth*, Ky., 465 S.W.2d 305 (1971) and in *Roberts v. Commonwealth*, Ky., 467 S.W.2d 121 (1971). The opinion in *Roberts* supports the appellee's position on this issue in the instant case by saying "in addition, the recitation in the judgment is sufficient recognition that judicial notice was taken that Leslie County was local dry option territory." *Id.* at 127.

■ It appears, therefore, that the recitation in the judgment that appellant was guilty of selling alcohol in a local dry option territory was sufficient proof of this element of the crime under current case law.

■ We believe the appellant should prevail on the second issue he has raised on this appeal. KRS 500.070 requires that the Commonwealth prove every element of a crime beyond a reasonable doubt. KRS 242.230 has as an element the sale of alcoholic beverages. The term "alcoholic beverage" is defined in KRS 242.010 as follows:

(1) "Alcoholic beverage" means alcoholic brandy, whiskey, rum, gin, beer, ale, porter, wine and all other spirituous, vinous, malt or fermented liquors, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing more than one percent (1%) of alcohol by volume, which are fit for use for beverage purposes.

The statute then lists a number of things which are not included in the definition of "alcoholic beverages".

The only evidence in this case that the liquid which was sold, if any, was alcohol was the testimony of the trooper who participated in the purchase. He stated that the liquid was "Galaxy" whiskey and that it was at his home at the time of trial. No chemical analysis of the liquid was made to determine if in fact it was an alcoholic beverage. Nor was any testimony introduced that consuming that particular liquid in sufficient quantity would cause intoxication. We are unable to find any case directly on point, and the parties cite no cases, but it appears that the Commonwealth did not prove, beyond a reasonable doubt, that the liquid was one prohibited

under KRS Chapter 242. Of course, as appellee points out, this was not appellant's line of defense. He denied that any transaction took place at all, and offered no objection to the Court when the witness referred to the liquid as whiskey. He did move for a directed verdict, however, on general grounds of insufficiency of the evidence. This effectively placed before the trial court the issue that the appellant raises on this appeal. In its brief, the appellee cites *Shanks v. Commonwealth*, Ky., 463 S.W.2d 312 (1971) as supporting its position that appellant "[offered] for sale that which he knew to be [whiskey]", and that the trooper believed it to be whiskey. The *Shanks* case does not support that position. The statute involved in *Shanks* was KRS 218.010(10) which defined "sale" to include "offer thereof". The Court therein held that "under the act if one offers for sale what he reasonably believes to be a narcotic drug and it later turns out in fact not to be a narcotic, this is sufficient to support a conviction". In the instant case, the statute involved addresses itself to alcohol rather than narcotics and does not include an "offer of sale" in the definition of sale or sell. KRS 241.010. The most similar term used is "solicit". It is arguable that the evidence did not show any solicitation of a sale by appellant. Also, *Shanks* requires knowledge or belief by the *seller* that he was selling narcotics. The appellee seems to imply that the trooper's belief that what was exchanged was alcohol was sufficient. That is not what *Shanks* requires. Under *Shanks* the buyer's belief would be irrelevant.

It would have been a simple matter for the Commonwealth to have either produced the alleged "whiskey" or a chemical analysis of same at the trial. Failure to do either we believe to be in violation of the Commonwealth's duty to prove every element of a crime beyond a reasonable doubt.

The judgment of the trial court is reversed with directions to grant the appellant Turner a new trial. If the evidence should be the same on retrial, the court

should direct a verdict for the defendant Turner.

All concur.