Elihu SMALLWOOD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1961.

J. K. Beasley, Harlan, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Elihu Smallwood was convicted of housebreaking and sentenced to a term of two years' imprisonment in the penitentiary. He appeals from the judgment.

In the execution of a search warrant certain articles stolen from the dwelling house charged to have been broken into by the defendant were found in the defendant's home. On the trial, evidence concerning the finding of these articles was admitted over the defendant's objection that the evidence was inadmissible because the affidavit upon which the search warrant was issued was defective. The appellant asserts as his main ground of error the admission of this evidence.

The affidavit for the search warrant stated that the affiant "believes and has reasonable grounds to believe that Elihu Smallwood has committed the offense of House Breaking and that he has" in his dwelling house certain described items of personal property belonging to the affiant. The affidavit did not state the grounds for the affiant's belief or give any basis at all for the statement of fact that the defendant had the property in his dwelling house.

Under the decision in Henson v. Commonwealth, Ky., 347 S.W.2d 546, which abolished the "ultimate fact" theory, the affidavit was insufficient. Accordingly it was error to admit the evidence obtained in execution of the warrant. The error was prejudicial because this evidence constituted the principal evidence of guilt.

We are reversing the judgment because of the error in the admission of the evidence. This makes it unnecessary for us to consider whether the defendant was prejudiced by the actions of the Commonwealth's attorney in asking certain questions of a witness. However, we shall state that these questions, in which the Commonwealth's attorney asked of the defendant's son, who was a witness for the defense, whether a certain other person had helped

the son burn down the house of the prosecuting witness some time after the alleged breaking in, and whether the son had admitted burning down the house, were highly improper and we trust that upon another trial they will not be asked.

The judgment is reversed.