John Thurman JOHNSON et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1968.

As Modified on Denial of Rehearing
June 27, 1969.

Davis Williams, Munfordville, for appellants.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

John Thurman Johnson and James Lee Humphrey, (hereinafter usually referred to as John and James), were convicted of grand larceny—the robbing of vending machines outside a Gulf filling station in Munfordville, and were sentenced to two years' imprisonment. A search of their persons disclosed three keys for vending machine in James' pocket. A search of their automobile uncovered $318.35 in small change and 273 keys designed to open various types of such machines. It is contended on this appeal that the aforesaid evidence was illegally obtained and consequently was inadmissible against them, and for that reason their convictions should be set aside.

This state has long observed the rule of law that evidence procured through illegal searches is not admissible against an accused. (Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303, a 1920 opinion by Chief Justice Carroll, summarizing precedents.) Such is the law in both state and federal courts now regardless of whose officer performs the illegal search. Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081 (1961). And that exclusion applies also to evidence indirectly obtained through an illegal search. Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407, 9 L.Ed.2d 441 (1963). In Commonwealth v. Vaughn, Ky., 296 S.W.2d 220, at 221 (1956) we said "* * * the fact that a person has committed an offense for which he could have been arrested, does not justify a search, if he has not been arrested for that offense. The law is so certified." See also 29 Am.Jur.2d Evidence, Sections 411 and 412.

In the light of that brief summary of the governing law, we consider whether the factual situation here compels a reversal of the judgments of conviction. Here, a state trooper stopped the appellants on U.S. 31W about a mile north of Bowling Green, after he had heard over his patrol-car radio about the break-in of the vending machines at Munfordville farther north on U.S. 31W and had received a description of the accused and the automobile in which they were riding. Although the officer had ample reason to believe that the appellants were the men wanted for the break-ins, and he said that is why he stopped them, he arrested them instead for their failure to have a registration receipt for their automobile in violation of KRS 186.170. In searching the men he found three vending machine type keys in the pocket of James, so he took the men to the Warren County jail and called in another member of the State Police, Detective Smith, to handle the case. Believing he had probable cause to do so, Smith arrested the men for breaking in to the vending machines at the Munfordville filling station, then took the three keys found on James Humphrey and opened the vending machine at the jail with one of them, which success and the information he had caused him to obtain a warrant of arrest for the possession of burglary tools —the three keys, and he also obtained a search warrant for the automobile where the $318.35 in small change and the 273 vending machine keys were found, the accused being under the initial arrest in the jail at the time.

As it turned out the men were acquitted of the initial charge of having no registration receipt for the automobile they were in, for the car happened to be owned by James' wife and he would not be expected to have a registration receipt for it. The rule in Kentucky has been that where the accused is acquitted of the charge for which he was initially arrested, the arrest was illegal and any evidence obtained from a search incident to that arrest is inadmissible in a trial for a different offense. Parrott v. Commonwealth, Ky., 287 S.W.2d 440; Thomason v. Commonwealth, Ky., 322 S.W.2d 104; Commonwealth v. Robey, Ky., 337 S.W.2d 34. However in Pennington v. Commonwealth, Ky., 429 S.W.2d 364, we overruled Parrott, Thomason and Robey to the extent they disagreed with the new rule stated in Pennington.

In Pennington a patrolman arrested the driver of the car for its having a loud muffler, and saw several cases of beer in the car, which caused him to take the driver to court where he obtained a warrant to search the car. The search revealed a large quantity of beer and whiskey. In Pennington we overruled the Parrott, Thomason and Robey cases so far as they conflicted with our opinion in Pennington saying:

"* * * The crucial question to be determined by the trial court upon evidence out of the hearing of the jury is whether or not probable cause existed for the initial stopping. This should be done without regard to the pendency or the disposition of the initial offense. It is entirely possible that a defendant may be convicted on a charge when there was not probable cause for the initial arrest or may be acquitted on a charge where there was probable cause. Therefore, the outcome of the trial on the major offense should not be determined by the disposition of the arresting charge * * *.

"Upon remand and retrial of this case the trial court will conduct a preliminary hearing to determine as a matter of fact if probable cause existed for the stopping because of the loud muffler. If such cause existed, the stopping of the automobile was legal and anything discovered incident thereto may be admitted in evidence without regard to the search warrant. * * *. The search warrant would only be necessary to gain access to those items not visible upon a cursory examination * * *".

In the light of Pennington there is no doubt that the officer had probable cause for stopping the automobile, for it and its two occupants fitted the description heard over the police radio. Also, the officer had reasonable grounds for arresting the occupants for their failure to have a registration certificate for the automobile in violation of KRS 186.170, which was a misdemeanor under KRS 186.990(1) as defined in KRS 431.060, for which the officer was authorized to make an arrest because it was an apparent misdemeanor committed in his presence. (See McCray v. City of Lake Louisvilla, Ky., 332 S.W.2d 837 at page 842 (1960), for the protection accorded a police officer making an arrest in good faith without a warrant in comparable circumstance.) However, our statute governing arrest, KRS 431.005, codifies the common law rule and does not authorize a peace officer to arrest on suspicion of the commission of a misdemeanor as it does on suspicion of the commission of a felony, but limits arrest for a misdemeanor to one committed in the presence of the arresting officer. For that reason acquittal of a misdemeanor charge invalidates such an arrest in this jurisdiction and would, ordinarily, result in the inadmissibility of inculpating evidence procured incident to the arrest, but there is a question whether that exclusion needs to be recognized here.

We are confronted with whether a search can be constitutionally justified where probable cause to make an arrest for the commission of a felony exists but no valid arrest is made. From the view point of constitutionality, is a search without a search warrant and without an antecedent arrest permissible in the total circumstances of this case? In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), where an automobile was stopped and searched for contraband liquor without a warrant and without an antecedent arrest upon the faith of information previously obtained by the officers that the car and its occupants, identified by the officers, were in the illegal business of bootlegging, it was held that the search was justified by probable cause alone and the contraband liquor was admissible in evidence, the court differentiating between the requirements for a search of a home and the search of a movable object like an automobile so far as the Fourth Amendment's prohibition against unreasonable searches and seizures was concerned. In the opinion by Chief

Justice Taft, the court said at 267 U.S. page 149, 45 S.Ct. page 283:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens." See also, Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

■ Although the Carroll cases involves a search for contraband where special rules apply, it, nevertheless, points to the pivotal problem here and that is whether there is a constitutional justification for the search irrespective of a prior arrest or the issuance of a search warrant. By a parity of reasoning we conclude that the search of Johnson and Humphrey by the officer who stopped them on the highway was justified by the information he had received over the police car radio and the search of their persons, either for arms or for the fruits of the robbery, was reasonable in the total circumstances of this case, and did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures. (For a recent analysis of Federal decisions see "Scope Limitations for Searches Incident to Arrest", 78 Y.L.J. 433 (1969).) There was no heady abuse of power by the officer here. For the reasons stated we conclude the search of the accuseds' persons was reasonable, was based on probable cause, was constitutionally valid without any other antecedent justifications and, as a consequence, the three vending machine keys are admissible in evidence against them.

■ However, the evidence obtained in the search of the automobile by Detective Smith at Bowling Green will not be admissible because Smith's affidavit for the search warrant was insufficiently informative to enable the issuing magistrate to reach an independent judgment of whether probable cause existed to justify the issuance of the search warrant.

Smith's affidavit for the search warrant states that he believes and has good reason to believe that stolen property is concealed within the described automobile, such property consisting of coins, coin boxes obtained in the break-in of cold drink machines and burglary tools. In his affidavit he states, "That his reason for believing that said goods are there (is) as follows: The affiant says that on 3 January, 1967, at approximately 6:15 p.m. James Lee Humphrey and John Thurman Johnson was (sic) stopped in Warren County, Ky. and charged with "No Registration Receipt KRS 186.170 and they were driving a 1955 Plymouth automobile, color blue, 4-Door Lic. No. 86–379 which this officer has reasonable grounds to believe was being used by James Lee Humphrey and John Thurman Johnson in breaking and entering cold drink machines in Munfordville, Ky. and stealing the monty (sic) therefrom." Appellants argue that the affidavit is insufficient in that it fails to state: That the affiant received this information from one or more of his senses, the time he received it, or the name of the person from whom he received the information, if any.

Appellants cite three cases in support of their argument, Henson v. Commonwealth, Ky., 347 S.W.2d 546 (June, 1961); Smallwood v. Commonwealth, Ky., 349 S.W.2d 830 (September, 1961), and Williams v. Commonwealth, Ky., 355 S.W.2d 302 (March, 1962). In Henson, the defendant was convicted under the local option law and we reversed the conviction stating that the affidavit was insufficient to support a search warrant because it failed to state when the observation on which it was

based took place. We said that probable cause is not established by the statement in the affidavit of the ultimate fact as a fact instead of the information in support of it. In Smallwood, the defendant was convicted of housebreaking on evidence of stolen property found in his house and we held the affidavit insufficient to support a search warrant because the affiant failed to state the grounds for his belief or give any basis for the statement of fact that defendant had such property in his house. In Williams, the defendant was convicted of unlawfully possessing intoxicating liquor in local option territory. The affiant received his information from an informant. The court cited Henson as abolishing the "ultimate fact" theory and then said that if the affidavit is based on information or belief as well as in the situation where it is based on personal observation, the affidavit must disclose when the observation was made by the informant.

There have been two more recent Kentucky cases dealing with the problem of the sufficiency of affidavits to support search warrants—Gossett v. Commonwealth, Ky., 426 S.W.2d 485 (March, 1968), and Rogers v. Commonwealth, Ky., 424 S.W.2d 130 (February, 1968). In each case the defendant was convicted of possessing alcoholic beverages for sale in local option territory. The affidavit in Gossett was attacked on the ground that the information upon which it was based was too remote in time and we held the affidavit sufficient, citing the new guidelines set out by the Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (March, 1965), for determining the sufficiency of an affidavit to support a search warrant. In Rogers the affidavit was attacked as showing no probable cause. The court referred to Gossett and the guidelines in Ventresca and held that the affidavit showed probable cause. From the facts stated in the affidavits a magistrate could find probable cause that an offense had been committed and that certain property was on the premises named. In determining probable cause, in Ventresca the Supreme Court said that in a marginal or doubtful case, where the magistrate has found probable cause, probable cause should be "largely determined by the preference to be accorded to warrants."

However, Ventresca does not stand for the proposition that an affidavit will support a search warrant where it is purely conclusory, stating only the affiant's or an informer's belief that probable cause exists, without detailing any of the underlying circumstances upon which that belief is based. Even under the guidelines of Ventresca, the affidavit in the case at bar is insufficient. In order for the magistrate to determine probable cause, he would have had to look outside the affidavit to the surrounding circumstances. For that reason we conclude the search of the automobile was illegal and the evidence thus obtained was inadmissible in the trial of the accused men.

The judgment is reversed for a new trial consistent herewith.

PALMORE, OSBORNE, STEINFELD and REED, JJ., concur.

MONTGOMERY, C. J., and HILL, J., do not concur.