Lloyd BALLARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1971.

Henry L. Rosenthal, Jr., James E. Shafer, Winchester, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was found guilty of the offense of murder and sentenced to life imprisonment (KRS 435.010). The only question presented by this appeal is the admissibility into evidence of certain fire arms and ammunition which were discovered in the automobile in which appellant was riding and which was searched by police officers without a search warrant.

On November 28, 1969, Nelson Eddy Phelps was shot with a rifle from a moving vehicle. A witness to the shooting furnished police officers the names and approximate ages of the two occupants of the vehicle and described the vehicle as a yellow Mustang with black racing stripes. The shooting occurred near midnight in Clark County, Kentucky.

This information was broadcast by police radio and was heard by state police officer Clyde Thomas. Shortly thereafter, this officer observed a yellow Mustang with black racing stripes occupied by two men traveling upon Highway No. 11, near Mount Sterling, Kentucky. The occupants were apprehended in Mount Sterling and the operator was arrested for driving while intoxicated and the appellant, a passenger, was arrested for the offense of public drunkenness. So far as the record disclosed, the suspects were never tried upon these charges, and the officer had no reasonable grounds to stop them for these offenses. The officer testified that the real reason he stopped them was because it appeared to him that their automobile was

the one about which he had received the radio bulletin.

Officer Thomas noticed the butt of a rifle or gun through the window of the yellow Mustang while he was placing the occupants of the car under arrest.

When the occupants were safely in the patrol car and another officer had arrived to guard them, the yellow Mustang was searched by state police officers without warrant, and two guns, a spent cartridge, and a box of live ammunition were found in the car. These were introduced in evidence at the trial over the objection of appellant that the search was unlawful and the fruits of the search should have been suppressed.

■ A police officer may not stop a motorist without proper justification, and if he does so, any evidence obtained thereby is considered to be illegally obtained and inadmissible. Commonwealth v. Robey, Ky., 337 S.W.2d 34 (1960). The practice of stopping of automobiles upon the highways by roadblock in good faith to inspect operator's licenses has been approved with the warning that a practice of stopping motor vehicles for the ostensible purpose of checking the operator's license when used as a subterfuge for circumventing the constitutional prohibition against unreasonable search and seizure would be condemned. Commonwealth v. Mitchell, Ky., 355 S.W.2d 686 (1962).

We formerly held that the dismissal of a misdemeanor charge upon which a motorist was arrested was conclusive proof of the illegality of the arrest, and in such cases, evidence obtained by search subsequent to the arrest was held inadmissible. Parrott v. Commonwealth, Ky., 287 S.W.2d 440 (1956).

However, in Pennington v. Commonwealth, Ky., 429 S.W.2d 364 (1967), we recognized the principle that a defendant may be acquitted in cases in which reasonable grounds existed for the arrest, and the rule was modified to the extent that before evidence obtained by search of a motorist arrested for a misdemeanor is admitted in evidence there must first be a separate judicial determination outside the hearing of the jury that probable cause existed for the initial stopping.

We have also held in Lane v. Commonwealth, Ky., 386 S.W.2d 743, 10 A.L.R.3d 308 (1965), that the arrest of the operator of a motor vehicle upon a minor violation does not give the arresting officer the right to conduct an unrestricted search of the automobile without a search warrant.

The thrust of appellant's argument is two-fold. First he contends that the officer, by his own admission, did not have probable cause to stop the vehicle in which appellant was riding upon the grounds for which the arrest was made. Therefore, under *Pennington* the search was illegal. Secondly, he contends that under the rationale of *Lane*, supra, the arrest of the occupants of the car for drunkenness did not justify the search of the vehicle.

With respect to the first argument, this court considered an identical situation in Johnson v. Commonwealth, Ky., 443 S.W.2d 20 (1969). In *Johnson*, a state police officer stopped the defendants after he had received information by radio of the commission of a felony and a description of the accused and a description of the car in which they were riding.

Although the officer had ample reason to believe the defendants were the persons wanted for the felony (and as in the instant case, he said that was why he stopped them) he arrested them, not for the felony, but for their failure to have a registration receipt in violation of KRS 186.170. In conducting a search of their persons, he found certain keys which were admitted in evidence on the trial of the felony charge. The trial of the initial charge of failing to have a registration receipt resulted in acquittal, and the argument was made that by reason thereof, the arrest was illegal and

the keys were improperly admitted in evidence.

■ This court held that at the time the arrest was made, the officers had probable cause to arrest for the felony, and the search of the person of the accused was valid even though no prior valid arrest had occurred nor any search warrant obtained. A search of the person of a motorist is not invalidated therefore because an arrest is made upon a charge which could not be sustained, if in fact there existed at the time of arrest probable cause to justify the arrest upon another ground.

*Johnson* is not authority for the search of the vehicle however because in that case following the arrest and a search of the person of the accused, a search warrant was obtained for the search of the vehicle.

A fundamental distinction is made between houses and offices and motor vehicles insofar as the law of search and seizure is concerned. Because of their highly mobile nature, motor vehicles can be removed quickly from the jurisdiction and any evidence that they may contain may be irretrievably lost. For this reason, the search of automobiles without warrant when probable cause exists has been sustained. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

The appellant argues that since the motor vehicle in this case was in the custody of the police, no danger of its removal was present, and that the search, though made upon grounds considered reasonable by the officers, should not have been permitted without the additional safeguard of submitting the issue of probable cause to a magistrate in an affidavit for a search warrant.

This argument was rebutted by the Supreme Court of the United States in Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419, decided June 22, 1970. The facts in that case were remarkably similar to those in the present case. A police officer having knowledge of the commission of a robbery, in which a blue station wagon containing four men, one of whom was wearing a green sweater, had fled from the scene, shortly thereafter stopped a blue station wagon occupied by four men, one of whom was wearing a green sweater. In upholding a search of the car without a search warrant, the court said:

"In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution. As a general rule, it has also required the judgment of a magistrate on the probable cause issue and the issuance of a warrant before a search is made. Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search. *Carroll, supra,* holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Hence an immediate search is constitutionally permissible.

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

"On the facts before us, the blue station wagon could have been searched on

the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained. The same consequences may not follow where there is unforeseeable cause to search a house." * * *.

In the light of the foregoing, we believe that the search of the motor vehicle in which appellant was a passenger was reasonable and there was no error in admission of evidence obtained by the search. The judgment is affirmed.

All concur.