Charles Messer **WILLIAMS**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1972.

Allen & Bledsoe, London, for appellant.

Ed W. Hancock, Atty. Gen., G. Edward James, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

The question on this appeal concerns the legality of a search and seizure. The place searched was an automobile in which the appellant and three other persons had been

traveling when arrested on the previous evening, and the thing found and seized was a quantity of marked currency stolen in the course of an armed robbery shortly before the arrest.

■ At 10:05 P.M. on October 26, 1971, Milton Baker, a state trooper, received a radio report in his police cruiser that a supermarket in London had been held up and robbed. He went to the scene of the crime and there received from a fellow-officer a description of the four persons (two men and two women) involved in the robbery and the description and license number of the automobile in which three of them had departed (a dark-colored 1961 model Chrysler). At 11:30 P.M. he observed a car of the same description, occupied by two men and two women, speeding away on Interstate Highway 75 several miles north of London. He stopped the car, arrested the occupants, and was shortly joined by other officers. The validity of the arrest is not questioned. A search of the automobile was conducted on the spot. There is an argument as to whether the search was by consent, but it makes no difference, because the search was a permissible incident of the arrest and was justified by the probable cause that authorized the arrest. Anyway, nothing of incriminating significance was found at that time. On the next morning, after the automobile had been removed by the police to a place of storage, without a warrant and not in the presence of the appellant or any of his companions of the previous evening, one of the officers searched it more carefully, and at this time discovered the marked money.

■■ The authority to search a vehicle incident to an arrest does not carry over to a later search in the defendant's absence. See Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). However, in the case of an automobile the same probable cause that authorized the arrest may continue as a reasonable basis for a warrantless search later on. Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct.

1975, 26 L.Ed.2d 419 (1970). "The rationale of *Chambers* is that *given* a justified initial intrusion, there is little difference beween a search on the open highway and a later search at the station." Coolidge v. New Hampshire, 403 U.S. 443, 463, fn. 20, 91 S.Ct. 2022, 2036, 29 L.Ed.2d 564 (1970). That rationale was accepted by this court in Ballard v. Commonwealth, Ky., 462 S.W.2d 905 (1971), and Sullivan v. Commonwealth, Ky., 481 S.W.2d 49 (1972). It applies to this case.

The judgment is affirmed.

All concur.