**Paul B. ASHCRAFT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**Richard McDOWELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Frank G. Dickey, Jr., Lionel A. Hawse, Landrum, Patterson & Dickey, Lexington, for appellants.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

This is an appeal from a refusal to grant belated appeals in a post-conviction proceeding brought in accordance with RCr 11.42 for that purpose, and from the trial verdict and judgment. We have reviewed the records on the post-conviction proceeding and on the trial and have treated the case as a belated appeal on the trial.

The two appellants (brothers-by-law) had been convicted for the armed robbery of Mr. and Mrs. Sturgeon Riley in their Carrollton home about 10:15 o'clock on Saturday night, August 17, 1968. Entrance to the home was accomplished by ringing the doorbell and pushing their way into the home when the door was opened. The seventy-five year old husband was knocked to the floor, causing a back injury which required a month's hospitalization. A pistol was held over him while he was prone on the floor, but was switched to his wife when she begged that they not hurt him. The assailants obtained slightly over $20 in cash and quickly left the premises. Riley testified that "they smelled rather strong" of liquor.

■ Mrs. Riley promptly telephoned the police who quickly came. The robbery was announced over the police radio and within a couple of hours the appellants were apprehended by the city police, and Riley later went to the police station and identified them as the prepetrators of the crime. Much is made of the circumstances of the identification of the appellants by the Rileys because there were no other "suspects" present which, it is now contended, violated the restrictions on identification imposed by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1964). The appellants were detained by the police as suspects of the robbery, their automobile and appearance jibing with the radioed information obtained from a young visitor in the neighborhood of the victims who had seen the appellants and their car in the neighborhood and telephoned the police. The automobile of the appellants was searched by the sheriff on his prompt arrival after the appellants were removed from the car by the police and a .22 caliber pistol was found stashed behind the dashboard.

In Kirby v. State of Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 411, decided June 7, 1972, the U. S. Supreme Court refused to extend the principle of Wade and its exclusionary rule "upon testimony concerning an identification that took place long before the commencement of any prosecution whatever." The factual situation in the case at bar is strikingly similar to the factual situation in Kirby. We find here nothing conducive to irreparable mistaken identity of the suspects by the Rileys, but rather the protection of the interests of society in the prompt and purposeful

investigation of an unsolved crime. The Rileys saw the men who robbed them, Riley had seen Ashcraft before that and knew who he was, and the Rileys swore to the truth of their identification both at the trial and at the post-conviction hearing thereafter. Furthermore, they identified the pistol used by a wire or string attached to it. The appellants conceded the pistol was the one they had in possession, that it needed repair, and claimed that they had been playing around with it for most of the afternoon before the robbery. They admittedly had been drinking whisky that afternoon and beer at the poolroom in town that evening, and at the police station that evening drowsiness had set in.

■ The search of the appellants' car when they were standing by it, charged with suspicion of armed robbery, was concurrent with the arrest, was based on probable cause that they had had a pistol and that it probably was in the automobile. In other words, the offense of which they were suspected at the time was of such a nature that it was reasonable to expect to find the gun in the car when it was not found on the person of either of the accused and for that reason the search was contemporaneous with the arrest and was justified without the obtention of a warrant. This is not a case of a subsequent search of a car as in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), nor the search of a car after an arrest for a traffic violation as in People v. Marsh, 20 N.Y.2d 98, 281 N.Y.S.2d 789, 228 N.E.2d 783 (1967).

As was said today in Charles Messer Williams v. Commonwealth, Ky., 487 S.W.2d 891 (1972), "However, in the case of an automobile the same probable cause that authorized the arrest may continue as a reasonable basis for a warrantless search later on. Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). 'The rationale of Chambers is that given a justified initial intrusion, there is little difference between a search on the open highway and a later search at the station.' Coolidge

v. New Hampshire, 403 U.S. 443, 463, fn. 20, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1970). That rationale was accepted by this court in Ballard v. Commonwealth, Ky., 462 S.W.2d 905 (1971), and Sullivan v. Commonwealth, Ky., 481 S.W.2d 49 (1972). It applies to this case."

We have reviewed the records on the trial and on the post-conviction hearing as heretofore stated and conclude no other questions raised justify discussion.

The judgments of conviction are affirmed.

All concur.