Plezz H. MEARS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 27, 1973.

Rehearing Denied Oct. 12, 1973.

Anthony M. Wilhoit, State Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., James M. Ringo, Asst. Attys. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Appellant was found guilty of armed robbery and sentenced to 21 years in the penitentiary. He relies on only one ground for reversal, namely, that the court erred in admitting evidence of an illegal search.

According to Mr. and Mrs. Lerome Butts, who occupied room 16 of the Rock City Motel in Hopkinsville, appellant came to the room about 1 a. m., inserted a key in the door and pushed the door open as far as the security chain permitted. Appellant insisted that this room had been assigned to him and stated that he was going to see the manager about it. He left. About 5 a. m. he returned, unlocked the door and forced it open, breaking the security chain. At the point of a gun he demanded money, took about $280 from Mr. Butts' wallet and then threw the wallet on the bed and left the room. The Buttses said there was adequate light to get a good look at appellant.

Mr. Butts immediately called the police, who arrived within a few minutes. The Buttses described appellant to the police, who wrote down the information and had it announced over the police radio.

Officers Ramsey and Acree were cruising when they received the radio message. Officer Ramsey testified that he and Officer Acree stopped a man, later identified as appellant, fitting the description given over the radio. Appellant got out of his car and walked to the rear where Officer Ramsey asked to see his driver's license. They were engaged in a conversation when, according to Ramsey, Officer Acree "* * * opened the door and removed a small caliber 22 pistol from the under the left front seat." Thereupon appellant was placed under formal arrest. (Officer Acree was not available for the trial.)

Appellant's car was impounded and the next day the police, without a search warrant, opened the trunk of the car and found a key which matched the lock on room No. 16 of the motel, the one occupied by the Buttses at the time of the robbery.[1]

Over appellant's objections the gun and the key were permitted to be introduced into evidence at the trial.

Appellant argues specifically that the information relayed to the arresting officers was so fragmentary and vague that the officers in searching the car were acting under suspicion rather than probable cause. A close look at the evidence convinces us that the trial court was justified in finding that there was probable cause. The information received by the arresting officers over the radio was that an armed robbery had been committed approximately 15 minutes earlier at the Rock City Motel; that the assailant was a black man with light complexion and wore a mustache; that he was approximately 5 feet 8 inches tall and weighed 180 pounds; that he wore a blue shirt and a pink or purple "floppy" hat.

Within a few minutes after receiving the radio message Officers Ramsey and Acree saw appellant in an automobile at a traffic light a few blocks from the Rock City

---

1. In his brief appellant states, "The parties agree that the issue in this case is whether the stopping of the automobile appellant was driving was justified by sufficient cause." We are not called on to pursue the question of whether the warrantless search of the car after it was impounded required exclusion of the key from evidence.

Motel. This was about 6 a. m. By the time the officers circled the block appellant had moved away from the intersection and was standing outside his car. The officers went around the block again and saw appellant's car "pulling out." In response to the officers' signal, appellant stopped his car and got out.

In support of his argument that there was not probable cause for making the arrest appellant points to Officer Ramsey's testimony where he said the radio announcement recited that the assailant was wearing a "purple" shirt when all other testimony was that the announcement described the shirt as blue and it was in fact blue. Appellant also argues that the "pink floppy hat" added nothing to probable cause since Officer Ramsey admitted the suspect was not wearing a hat and that the pink hat was later seen on the seat. All told, appellant insists, Officer Ramsey was depending only upon suspicion when he made the arrest. We cannot agree. Officer Ramsey testified specifically that he recognized appellant by the description given over the radio. He saw appellant sitting in the car, as well as standing outside, before stopping appellant. There was no evidence refuting appellant's being approximately 5 feet 8 inches tall and weighing approximately 180 pounds, or that he was a light-complexioned black man with a mustache. Appellant was found within a few blocks of the robbery at an early hour of the morning and within a few minutes of the time of the robbery.

▉ Appellant stresses the point that the police did not place appellant under arrest until Officer Acree had opened the car door and retrieved the pistol from under the front seat. Officer Ramsey acknowledged that fact when in answer to the question, "And at that time you had not made any formal arrest?" he stated, "Not at the time but he fit the description we had got." That an arresting officer believes he does not have sufficient grounds for making an arrest does not invalidate the arrest if there actually existed probable cause for making the arrest. See Ballard v. Commonwealth, Ky., 462 S.W.2d 905 (1971). In the present instance we believe that Officer Ramsey's conclusion that appellant "fit the description" was sufficiently supported by the evidence to provide probable cause for making the arrest.

Moving to the next step, the same facts and circumstances which justified the arrest also provided probable cause for searching the car. There were reasonable grounds for believing that the vehicle, being driven by a person suspected of having robbed at the point of a gun two persons a few blocks away and within 15 to 30 minutes, contained the weapon and perhaps the money. See Ashcraft v. Commonwealth, Ky., 487 S.W.2d 892 (1972). Under the circumstances a search warrant was not essential. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), where it is said that greater latitude is allowed in the search without a warrant of an automobile than a building because of the mobility of the former. See also Chambers v. Moroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), where it is pointed out that the rule in Carroll prevails although the officers have the automobile under their control since it is just as much an intrusion to hold the vehicle until the warrant could be obtained as it would be to make an immediate search. In the court's language, "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED and STEPHENSON, JJ., sitting.

All concur.