## Egner v. Commonwealth.

(Decided January 11, 1927.)

### Appeal from McCracken Circuit Court.

1. Searches and Seizures—Description of Person in John Doe Affidavit for Warrant to Search House is Unnecessary.—Description of person, designated as John Doe in affidavit, for warrant to search his house, is unnecessary.

2. Searches and Seizures—Description of Property in Search Warrant as First House of No. 706 Tennessee street, Paducah, Ky., Held Sufficient.—Description of property in search warrant as "first house of No. 706 Tennessee street," Paducah, Ky., on "left-hand side of said street going west," sufficiently identified it.

3.   Intoxicating Liquors—Affidavit That Affiant Watched Three
     Noted Bootleggers Carrying Suspicious Loads to and From, Cer-
     tain Place Held to Show Probable Cause for Issuing Search War-
     rant.—Allegations ˙of affidavit that three noted bootleggers
     named were watched by affiant going to and from certain place
     carrying "suspicious" loads held to show probable cause for
     issuance of search warrant, though not describing character of
     loads.

J. BELL NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

On the authority of a "John Doe" search warrant
certain peace officers searched a rooming house in Pa-
ducah occupied by colored people and in an upstairs room
of the house found several gallons of moonshine whiskey.
Harley Egner was seen to leave this room just prior to
its entry ꞏby the officers and it was otherwise identified
as ꞏbeing his room. On the evidence thus adduced all of
which was developed ꞏby the search warrant Egner was
indicted, tried and convicted for the offense of unlawful
possession of intoxicating liquor. On this appeal the
only ground urged for reversal is that the evidence was
incompetent because of the insufficiency of the search
warrant and the affidavit upon which the warrant was
based. The warrant was not produced in the trial but
ꞏby a stipulation of fact it was agreed that so far as crit-
icised it was identical with the affidavit which reads as
follows:

> "Affiant, A. W. Leigh, states that he is the duly
> elected, qualified and acting asst. chief of police,
> officer of McCracken county, Kentucky, and that he is
> is a resident and citizen of McCracken county, Ken-
> tucky, and that he has . reliable information which
> leads him to believe, and that he does so believe that
> John Doe, (name unknown) who lives and resides in
> and occupies the certain house as a dwelling, soft
> drink stand, grocery, located and being in McCracken
> county, Kentucky, and on the ˉTennessee street, Pa-
> ducah, Ky., and is the left hand side of said street
> going west and 1st house of No. 706 Tennessee street,
> and is a large two story frame house, and that said
> John Doe is now engaged, and for some time before

this date has been engaged in the manufacture, keeping for sale, selling and transporting liquors in violation of law, and that he now has in his possession and under his control an illicit or 'moonshine' still, and parts of same, designed for and commonly used in the manufacture of illicit or 'moonshine' whiskey, and other ingredients commonly used in the manufacture of intoxicating liquors. That the source of his information and the grounds for his belief is three noted bootleggers to-wit: Wm. Simms, Will Arnold and driver of 330 taxicab have been watched by the affiant going to and from said John Doe's place and carrying suspicious loads and were so seen the present week by affiant.''

It is urged first that in an affidavit for a search warrant where the person is unknown and is designated as ''John Doe'' that a description of the person is essential. However, this question was fully answered in Prater v. Commonwealth, 216 Ky. 451, in which we said:

''Appellant insists that since the search warrant commanded the search of the automobile 'now being used and occupied and controlled by John Doe, et al.,' there is not a sufficient description of the person to make the search warrant valid. That contention cannot be sustained because this search warrant did not command that any person be searched, and acting under it, the peace officers did not search the person of anyone. If the evidence used against the appellant herein had been discovered by a search of his person there would perhaps have been some force to the argument advanced by appellant that he could not be searched under a search warrant which issued for John Doe with no other description or identification of the person to be searched. Such was not the case here, however, because the evidence used against appellant was discovered by searching the automobile and that was authorized by the search warrant because the automobile was particularly and exactly described therein.''

It is next contended that the description of the property is indefinite. We cannot assent to this. The description is, ''Tennessee street, Paducah, Ky., and is the left hand side of said street going west and first house

of No. 706 Tennessee street and is a large two story frame house.'' Certainly this identifies the property in a way that it may be located. It is immaterial whether or not there are two houses at No. 706 Tennessee street. If there are two houses numbered 706 with a partititon between, the first one is described. If it is a single house the right number is given, so in no event could the officers have failed to find the property.

The last insistence is that the facts stated in the affidavit did not furnish probable cause for the issual of the warrant. They are in these words: ''Three noted bootleggers, to-wit, William Simms, Will Arnold and the driver of 330 taxicab have been watched by the affiant going to and from said John Doe's place and carrying suspicious loads and were so seen the present week by affiant.'' Here there is a direct allegation that the three persons named are noted bootleggers; that affiant had watched them and seen them during the present week going to and from the described premises carrying suspicious loads. For three notorious bootleggers to visit the same house during the same week carrying loads creates more than a mere suspicion of an illegal purpose. It is true that the affidavit does not describe the character of the loads carried except as being ''suspicious.'' This word may express a conclusion, but it may be eliminated and the other language used is, we think, sufficient to authorize the magistrate to believe that the product handled by the bootleggers was stored at that place and therefore constituted probable cause authorizing the issual of the warrant. This case is to be distinguished from Elliott v. Commonwealth, 216 Ky. 270, in which the essential averments of the affidavits were mere concluions, and otherwise of less probative value than those quoted, *supra.*

Wherefore, perceiving no error, the judgment is affirmed.