# Dinsmore v. Taylor et al.

(Decided Oct. 24, 1933.)

J. F. CATRON for appellant.

G. M. MANNING for appellee G. M. McDonald.

H. H. OWENS for other appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In the recent primary election, August 5, 1933, for the Republican nomination for jailer of Knox county, Ike Taylor received 1,767 votes, G. M. McDonald 1,289, and Jim Dinsmore 1,114. A number of other candidates for the same office, who are not involved herein, received fewer votes. Taylor was awarded a certificate of nomination, and the appellant, Dinsmore, instituted his suit in the Knox circuit court against Taylor and McDonald, in which he charged them with having violated the provisions of the Corrupt Practice Act (Ky. St., sec. 1565b-1 et seq.), and further charged that a number of people voted for contestees who were not qualified or entitled to vote in such primary election. The contestees, Taylor and McDonald, traversed and countercontested, making similar charges against contestant. The chancellor dismissed appellant's petition and adjudged that appellee Taylor was entitled to the certificate of nomination. Dinsmore appeals.

Section 1565b-3, Statutes, makes it unlawful for a candidate to "expend, pay, promise, loan or become pecuniarily liable in any way for money, or other thing of value, either directly or indirectly * * * in consideration of the vote or support, moral or financial, of any such corporation, association or person." By section 1565b-11 it is provided that if it appears upon the trial of an election contest that the provisions of the act have been violated by a candidate or by others in his behalf with his knowledge, his nomination is made void and the candidate who has received the next highest number of votes and who has not violated the provisions of the act shall be declared the nominee.

We deem it unnecessary to enter into a detailed discussion of the evidence. It is sufficient to say that we have carefully read and considered the evidence, and it is our conclusion that it is sufficient to sustain the finding of the chancellor. It is a well-settled rule of this court that it will not disturb a finding of fact by a chancellor, unless such finding is against the preponderance and weight of the evidence.

Therefore, the judgment is affirmed.