# Henry v. Commonwealth.

March 17, 1950.

John J. Winn, Judge.

Prewitt & Prewitt, H. Reid Prewitt, and Thos. P. Senff, for appellant.

A. E. Funk, Attorney General, Wm. F. Simpson, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Reversing.

Mrs. Beulah Henry moves for an appeal from her conviction on the charge of unlawfully storing and keeping distilled spirits in excess of three gallons upon premises not licensed under the Alcholic Beverage Control Statute and the confiscation of 35 gallons of whiskey found in her home. KRS 243.020(4). The motion is sustained.

Early in the evening of June 1, 1948, representatives of the Alcoholic Beverage Control Board saw an automobile load of whiskey enter the garage of the premises in Mt. Sterling, leave and return with another load. One of the agents then procured a search warrant for premises sufficiently described as, "A brick house and garage adjacent thereto located on the northwest corner of White Avenue and Vista Court in the City of Mt. Sterling," stating that distilled spirits in excess of three gallons were being stored and kept there by Willis Clay Henry. When the officers arrived to execute the search, Henry was not there. His wife objected to the search and resisted their entrance into the garage, the key to which had been given the officers by her son. The officers found fourteen cases of whiskey in bottles containing one-fifth of a gallon. Mrs. Henry told them the liquor belonged to her. She was fined $100 and the whiskey ordered confiscated by the court. On an appeal to the circuit court she was again convicted and fined $200 and another order of confiscation entered.

The appellant contends the search warrant was invalid because it described the premises as being in her husband's custody and control and the whiskey was being kept there by him whereas both the property and the liquor belonged to Mrs. Henry. There is no merit in this contention. There is no evidence that the property belonged to her. It is not essential that the affidavit for a search warrant or the warrant itself should designate the suspected person or the owner or individual in control and possession of the property to be searched. Giving the name of the person may add to the description by identifying the occupant but otherwise it is immaterial. Prater v. Commonwealth, 216 Ky. 451, 287 S. W. 951; Egner v. Commonwealth, 217 Ky. 503, 289 S. W. 1108; Lyons v. Commonwealth, 218 Ky. 841, 292 S. W. 499.

It was proved that Mrs. Henry did not possess a license to store or keep intoxicating liquor at the address.

Subsection (4) of Section 243.020, a part of the statute relating to the licensing and trafficking in alcoholic beverages in territory where the local option law is not in effect reads: "(4) No distilled spirits or wine in excess of three gallons shall be stored or kept except

upon the licensed premises of a person who is the holder of a license provided for in KRS 243.030.''

Taken out of its context, this is an absolute prohibition to possess the described quantity beverages anywhere except upon licensed premises of a licensee for the carrying on of the business of manufacturing, transporting or dealing in alcoholic beverages. But when this subsection is read in connection with other provisions of the Act, it is found not to be so comprehensive. Of course, in the construction of any statute the whole of it and the purpose of all of it are to be considered. It was not the purpose of this statute to prohibit the possession of beverage liquors for consumption. Subsection (1) of 243.020 provides that, ''No person shall do any act authorized by any kind of license with respect to the * * * storage * * * or other traffic in alcoholic beverages unless he holds the kind of license that authorizes such act.'' There is no provision for issuing a license for storing or keeping intoxicating liquor on residential premises. Subsection (2) of 243.020 provides that the holding of any permit from the United States Government to traffic in such beverages without the corresponding state and local licenses shall raise a prima facie presumption that the holder of the federal permit is unlawfully trafficking in alcoholic beverages. Subsection (3) declares that, ''(3) No person, conducting a place of business patronized by the public, who does not hold a license to sell distilled spirits and wine by the drink, shall permit any person to sell, barter, loan, give away or drink distilled spirits or wine on the premises of his place of business.''

It seems to the court that subsection (4) relates only to such premises as are covered by subsection (3), namely a place of business patronized by the public, and that it was intended to prohibit one not licensed to keep more than three gallons on business premises. The provision as to an excess quantity over three gallons would seem to have the same purpose and effect as the provision of subsection (2), i. e., the possession of such excess quantity on unlicensed business premises raises prima facie a presumption of illegally keeping and storing liquor which, in the absence of opposing or explanatory evidence, is deemed sufficient to establish guilt.

This construction of the statute finds support in the

494

penalty provisions. KRS 243.990. Subsection (4) of 243.020 is embraced in subsection (1) of 243.990, which provides for penalties where there is none especially prescribed. It is to be noted that in addition to the fines and terms of imprisonment it is declared, ''The penalties provided for in this subsection shall be in addition to the revocation of the offender's license.'' Since, as we have pointed out, no license is required for the keeping or storing of alcoholic beverages off business premises, it follows as a matter of course that there would be none to revoke; but it is otherwise for business premises.

This construction of the statute is in accord with Roberts v. Commonwealth, 284 Ky. 31, 143 S. W. 2d 856, holding that under Section 2554b-150, Ky. Stats., which is substantially the same as KRS 243.020 (1), the mere possession of intoxicating liquor is not an offense, but the possession must be for the purpose of trafficking in liquor in some manner.

We are of opinion, therefore, that the court should have directed a verdict of not guilty.

Judgment is reversed.