**DEPARTMENT OF MOTOR TRANSP. v. CITY BUS CO., Inc.**

Court of Appeals of Kentucky.

Oct. 24, 1952.

J. D. Buckman, Jr., Atty. Gen., George M. Catlett, Asst. Atty. Gen., for appellant.

Harry V. McChesney, Jr., Robert M. Pearce, Frankfort, for appellee.

MOREMEN, Justice.

The sole issue before the court is whether the term "ten miles" in the statute, KRS 281.010(15), is to be construed as air miles or road miles. The circuit court construed the term to mean "air miles."

KRS 281.010(15) provides:

"'Suburban area' means territory wholly within the State of Kentucky which extends not more than two air miles beyond the corporate limits of any municipality and one mile additional for each fifty thousand population or major fraction thereof, and, where one or more municipalities are contiguous or adjoining, the combined population of such contiguous or adjoining municipalities shall be considered in determining the suburban area of each such contiguous or adjoining municipality; provided, however, the department may, from time to time, upon a showing, as hereinafter provided, authorize and permit the holder of a suburban bus certificate to extend its operation beyond the territorial limits of any such cities for a distance not to exceed ten miles, if said department finds:

"(a) That the territory proposed to be served adjoins or is contiguous to said city; and

"(b) That the territory proposed to be served has such density of population and that the physical, business, economic and social interest is such as to make it an integral part of the city to which it adjoins or is contiguous and that it would be in the public interest and to the benefit of persons residing in said territory that they be served by the holder of a city or suburban bus certificate."

The City Bus Co., Inc., of Pikeville has operated busses in and around Pikeville for more than 15 years. After the Motor Carrier Act of 1950 became effective, the bus company made application under the

above-quoted statute to have the routes they were then traversing declared suburban and to be issued a suburban certificate of operation.

The department found that the applicant had met the burden of proof required to satisfy the conditions set out in subsection (a) and (b) of the above statute, but denied the granting of the application on the sole ground that the distance embraced in the application exceeded the maximum distance which the department was allowed to designate as suburban area.

The physical facts show that the particular route in question connects a hamlet named Betsy Lane and the city of Pikeville. The air mile distance between the two is 7½ miles, while the meandering road line is 11.2 road miles; hence the importance of the expression, "distance not to exceed ten miles," used in the statute.

The department is contending that the first and last parts of KRS 281.010(15) are not directly interrelated and any reference to air miles expressed in the first portion is not necessarily related to the expression concerning miles used in the latter portion.

■ It is true that the first portion of the statute refers to an extension of "suburban area" on a population basis, while the latter portion deals with the extension of a route for the holders of suburban bus certificates when the public interest demands it. However, all portions of the statute are related when the purpose and the object of the statute are considered, and we have the right to consider the whole statute when attempting to establish the purpose of it. Henry v. Commonwealth, 312 Ky. 491, 228 S.W.2d 32.

■ Since the word "air" prefixes the initial reference to "miles" and the statute is one complete sentence devoted to one subject matter, a reasonable interpretation requires that the word "air" be carried through to modify the expression "ten miles." This application is particularly necessary when the first designation carefully defines the character of the measure of the miles to be used in the first instance. For example, in a case where a writer had plainly designated in the first part of his sentence that a measurement of temperature would be according to the Fahrenheit Table and later made reference to degrees of temperature without designating the table to be used, it would be strained indeed for anyone to give a construction to the sentence on the basis that he had suddenly, in mid sentence, shifted to the Centigrade Table of measurement without warning to the reader.

The rule that distance shall be construed as a straight line, unless qualified by a specific designation, has had some acceptance by the courts. In Evans v. United States, 2 Cir., 261 F. 902, 904, the court, in determining a 5 mile zone around a military camp, said "distance is to be measured in a straight line in a horizontal plane, unless there is a clear indication that another mode of measurement is to be adopted."

■ We believe the circuit court was correct in the interpretation of this statute and the judgment is, therefore, affirmed.