**Arthur Frank MILLER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

J. W. Jordan, Barbourville, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, Carlos B. Pope, Barbourville, for appellee.

STEINFELD, Judge.

Appellant was convicted of having in his possession alcoholic beverages in local option territory in violation of KRS 242.230. From judgment entered pursuant to the jury verdict he appeals.

On December 4, 1966, Kentucky State Trooper Barton received from Otis Croley, an Alcoholic Beverage Control Agent, a "John Doe" search warrant issued by a circuit judge designating the place to be searched as a "black and silver house trailer" and containing information as to its location.

An hour later Barton, together with Deputy Sheriff Roy Brown, went to the trailer and read the warrant to Arthur Miller and Flossie Miller. Then the officers entered the trailer and found 45 16-ounce cans of beer in the refrigerator and 24 half pints of whiskey in the bedroom. The officers arrested the Millers on a charge of possession of alcoholic beverages in violation of local option laws. They were subsequently indicted for violation of KRS 242.230, which provides as follows:

"(1) No person in dry territory shall sell, barter, loan, give, procure for or furnish another, or keep or transport for sale, barter or loan, directly or indirectly, any alcoholic beverage.

"(2) No person shall possess any alcoholic beverages unless it has been lawfully acquired and is intended to be used lawfully, and in any action the defendant shall have the burden of proving that the alcoholic beverages found in his possession were lawfully acquired and were intended for lawful use."

On trial held September 19, 1967, Trooper Barton testified that he had known Arthur Miller for about six years prior to the arrest but did not know that Miller was one of the occupants of the trailer until execution of the warrant. He also testified, over objection, that the reputation of Miller was "bad" with respect to violating alcohol laws. Barton admitted that he knew of no neighbors in the trailer's vicinity who said the defendant had such a reputation, but said "I have had several complaints from different people concerning Arthur Miller". Deputy Brown testified that he and agent Croley, acting on a tip, "* * * went up and watched it (the trailer) on one or two different times", but admitted that they had seen no indication of law violation.

At the close of the Commonwealth's evidence the defense moved for a directed verdict on grounds that the search warrant and affidavit were fatally defective for failing to name the defendants, or to assert their ownership or possession of the trailer, which motion was overruled.

Miller testified that he had been employed in the "Happy Pappy" program for about two years, earning about $180.00 per month. He said that he had consented to the search after the reading of the warrant. Miller testified that the beverages

had been purchased by him "the day before" at Cumberland, Kentucky, for his own use, at a cost of about $41.00. He said that at the time of the search he had consumed three cans of an original 48 cans of beer and that he "didn't drink very much" and sometimes would give away "a can of beer or something" to a visitor.

Mrs. Miller testified that, together with her husband and two children, she was still "in process of moving" into the trailer from another area when the arrest occurred. She testified that she had no knowledge of the presence of the beverages in the trailer.

A neighbor testified that she knew the defendants for six years and that she had no knowledge of any bad reputation with respect to selling of alcoholic beverages.

At the close of all evidence, defense moved for a directed verdict on the same grounds as before and also for insufficiency of evidence. The court sustained the motion only as to Mrs. Miller. The jury found Miller guilty and fixed his punishment at the maximum, $100.00 and 60 days in jail.

Appellant raises three grounds of objection which are: (1) insufficiency of the affidavit and search warrant, (2) insufficiency of the evidence for conviction, and (3) failure of the court to sustain a motion for continuance.

■ Miller complains because the trial court overruled his motion to file the affidavit upon which the search warrant was issued. We cannot consider this complaint since Miller did not make the affidavit a part of the record, and furnished us nothing which would enable us to determine whether there had been prejudice. In the absence of such showing we must presume that the affidavit was regular and supported the issuance of the search warrant. Roaden v. Com., 248 Ky. 154, 58 S.W.2d 364 (1933).

■ The search warrant is before us. It describes the trailer and its location with sufficient clarity to meet all legal requirements. The naming of the possessor of contraband is not required, nor was it necessary to assert ownership of the trailer. Egner v. Com., 217 Ky. 503, 289 S.W. 1108 (1927) and Henry v. Com., 312 Ky. 491, 228 S.W.2d 32 (1950).

■ An amount of alcoholic beverages larger than normal for personal use was found in the trailer occupied by Miller. He admitted purchasing the beverages and that they were his property. The proof having shown his reputation for violating alcohol control laws and possessing the alcoholic beverages in dry territory was sufficient upon which a jury could find that Miller violated the statute in question. Harrison v. Com., Ky., 368 S.W.2d 171 (1963) and Noble v. Com., Ky., 295 S.W.2d 343 (1956).

■ The final contention is that the court abused its discretion in not granting to the appellant a continuance on a claim that his attorney was ill. About ten days before the trial counsel produced before the trial court a statement of a physician dated about three weeks earlier to the effect that the attorney was not well. Nothing else is before us to support the argument that the trial court erred. The trial tribunal necessarily must have broad discretion in granting or denying continuances. Absent a showing that this discretion was abused to the substantial prejudice of a litigant, we cannot and will not declare error on this ground. Washburn v. Com., Ky., 433 S.W.2d 859 (decided October 4, 1968); Jones v. Com., 238 Ky. 453, 38 S.W.2d 251 (1931) and Woods v. Com., 250 Ky. 822, 64 S.W.2d 155 (1933). See Thompson v. Mills, Ky., 432 S.W.2d 448 (decided October 4, 1968) re: error in denying continuance.

The motion for appeal is denied and the judgment stands affirmed.

All concur.