**COMMONWEALTH of Kentucky, Appellant,**

v.

**Jodie Charles BOWLES, Appellee.**

**No. 2002–CA–001568–MR.**

Court of Appeals of Kentucky.

May 30, 2003.

Teresa Young, Special Assistant Attorney General, Albert B. Chandler, III, Attorney General, Frankfort, KY, for appellant.

Stephen H. Miller, Louisville, KY, for appellee.

Before COMBS, GUIDUGLI and SCHRODER, Judges.

## OPINION

GUIDUGLI, Judge.

The Commonwealth of Kentucky has appealed from the June 25, 2002, Opinion and Order of the Jefferson Circuit Court granting Jodie Charles Bowles's (hereinafter Bowles) motion to reconsider and voiding his 1993 convictions for illegal posses-

sion of a controlled substance (cocaine) and illegal possession of a controlled substance (marijuana).[1] We affirm in part, vacate in part and remand.

In 1993, Bowles, along with co-defendant John Edward Young, was indicted by the grand jury on charges of Illegal Possession of a Controlled Substance, First Degree (cocaine),[2] Illegal Possession of a Controlled Substance (marijuana),[3] Illegal Use or Possession of Drug Paraphernalia,[4] and Carrying a Concealed Deadly Weapon.[5] Based upon the Commonwealth's offer, Bowles moved to enter a guilty plea, which the trial court accepted and entered on May 12, 1993. Pursuant to the terms of the agreement, the trial court adjudged Bowles guilty of illegal possession of cocaine, marijuana and drug paraphernalia and dismissed the carrying a concealed deadly weapon charge. On June 30, 1993, the trial court entered its final judgment of conviction and sentence, and ordered him to serve one year for illegal possession of cocaine and twelve months on each of the two remaining charges, which were to be served concurrently for a total of one year. The trial court withheld rendition of the judgment and placed Bowles on probation for five years, subject to his compliance with several conditions, including participation in a drug treatment program.

On November 8, 2001, Bowles moved the trial court to set aside and void his convictions pursuant to KRS 218A.275(9) and KRS 218A.276(8) as all terms of his probation and parole had ended on June 25, 1998, and as he had satisfactorily completed treatment, probation, payment of fees, and had complied with all orders of the

---

1. The Commonwealth has limited its appeal to the issue concerning the voiding of Bowles's conviction for illegal possession of cocaine.

2. KRS 218A.1415.

3. KRS 218A.1422.

4. KRS 218A.500(2).

5. KRS 527.020.

trial court. The Commonwealth objected, and the trial court denied the motion by an opinion and order entered March 22, 2002, reasoning that Bowles had not provided sufficient evidence that he had satisfied the drug treatment requirement. The trial court went on to state that even if Bowles had provided this evidence, his felony conviction for possession of cocaine would not fall under the parameters of KRS 218A.275(9) because the statute references only misdemeanor convictions pursuant to KRS 218A.1416 and KRS 218A.1417.

Bowles filed a motion to reconsider pursuant to CR 52.02, arguing that KRS 218A.275(9) applies to felony offenses as well as to misdemeanor offenses, and providing documentation to support his claim that he completed his substance abuse programs. Although no response was filed, the Commonwealth apparently responded orally at the May 28, 2002, hearing.[6] On June 25, 2002, the trial court granted the motion to reconsider and entered the following opinion and order:

> The action comes before the Court on Motion to Reconsider and to Amend the Court's Opinion and Order brought by defendant, Jodie Charles Bowles ("Bowles"). Plaintiff, Commonwealth of Kentucky ("Commonwealth"), has not submitted a Response. The Court heard arguments from the parties on May 28, 2002.
>
> After a careful review of the record and Bowles's memorandum, as well as the applicable statutory law, and being otherwise sufficiently advised, the Court amends its March 22, 2002 Opinion and Order. Consequently, Bowles's motion is sustained.
>
> KRS 218A.275(9) states

> In the case of any person who has been convicted for the first time of possession of controlled substances, the court may set aside and void the conviction upon satisfactory completion of treatment, probation, or other sentence, and issue to the person a certificate to that effect. A conviction voided under this subsection shall not be deemed a first offense for purposes of this chapter or deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Voiding of a conviction under the subsection and dismissal may occur only once with respect to any person.

Bowles was convicted under KRS 218A.1415 for first offense illegal possession of a controlled substance (cocaine). He has provided sufficient information to the Court that he completed substance abuse treatment and the requirements of probation. His probation ended on June 25, 1998. The Court finds that he has met the standards necessary to have that conviction voided.

Similarly, Bowles's conviction for illegal possession of controlled substance (marijuana) will also be voided pursuant to KRS 218A.276(8). The record indicates it was his first offense and Bowles has provided adequate evidence of his completion of substance abuse treatment.

Bowles's conviction pursuant to KRS 218A.500(2), however, is a different proposition. Neither KRS 218A.275(9) nor KRS 218A.276(8) provide for setting aside or voiding a conviction for illegal possession of drug paraphernalia. Con-

---

**6.** The videotape of the May 28, 2002, hearing was not included in the certified record on appeal.

sequently, the Court cannot set aside that particular conviction.

WHEREFORE IT IS HEREBY ORDERED AND ADJUDGED that the Motion to Reconsider and to Amend the Court's Opinion and Order brought by defendant, Jodie Charles Bowles, be and is hereby SUSTAINED.

IT IS FURTHER ORDERED AND ADJUDGED that Bowles's June 30, 1999 convictions for illegal possession of controlled substance (cocaine) and illegal possession of controlled substance (marijuana) be and are hereby voided.

*XXX*

_____

ANN O'MALLEY SHAKE, JUDGE

Underneath the judge's signature is a stamp initialed by a deputy clerk indicating that the order was entered in court on June 25, 2002, along with the following language in handwriting:

District Court #

93F001458A–D

Counts 1–2 expunged

arrest Date 2–6–93

All references to the convictions for illegal possession of cocaine and marijuana were redacted from the record. This appeal by the Commonwealth followed.

On appeal, the Commonwealth first argues that the circuit court lacked the authority to void the felony conviction for illegal possession of a controlled substance (cocaine) under KRS 218A.1415 through the use of KRS 218A.275 because the legislature intended that section to apply only to first convictions under either KRS 218A.1416 or KRS 218A.1417, but not under KRS 218A.1415. On the other hand, Bowles argues that KRS 218A.275 is unambiguous and that the Commonwealth is attempting to insert an exception in KRS 218A.275(9) that does not exist. We agree with Bowles that KRS 218A.275(9) does

not except felony convictions under KRS 218A.1415 from its application, as does the remainder of the statute.

Pursuant to KRS 446.080(1), "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature." Furthermore, our Supreme Court recently addressed statutory interpretation in *Commonwealth v. Plowman,* Ky., 86 S.W.3d 47, 49 (2002), stating that:

> It is well settled that the interpretation of a statute is a matter of law. Accordingly, a reviewing court is not required to adopt the decisions of the trial court as to a matter of law, but must interpret the statute according to the plain meaning of the act and in accordance with the legislative intent. *Commonwealth v. Montague,* Ky., 23 S.W.3d 629 (2000). The seminal duty of a court in construing a statute is to effectuate the intent of the legislature. *Commonwealth v. Harrelson,* Ky., 14 S.W.3d 541 (2000).

*See also Davis v. Commonwealth Life Insurance,* Ky., 284 S.W.2d 809 (1955). We are also mindful that we must look at the statute as a whole in our interpretation. In *Democratic Party of Kentucky v. Graham,* Ky., 976 S.W.2d 423, 429 (1998), the Supreme Court stated:

> Petitioners would have us read the first sentence of this statute out of context and interpret it to preclude law enforcement from prosecuting a criminal violation of a campaign finance law except upon referral from the Registry. "However, it is well-settled that 'in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole and to its object and policy.'" *Wathen v. General Electric Co.,* 115 F.3d 400, 405 (6th Cir.1997) *quoting Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41,

51, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39[ ](1987); *accord Department of Motor Transp. v. City Bus Co., Inc.*, Ky., 252 S.W.2d 46 (1952); *Henry v. Commonwealth*, 312 Ky. 491, 228 S.W.2d 32 (1950).

Additionally, the Supreme Court addressed the treatment to be given to both ambiguous and unambiguous statutes in *Plowman:*

> An unambiguous statute is to be applied without resort to any outside aids. This Court has repeatedly held that statutes must be given a literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required. (citations omitted.)

*Commonwealth v. Plowman*, 86 S.W.3d at 49.

The statute at issue in this appeal is KRS 218A.275, which provides for a treatment program for first-time offenders of possession of a controlled substance and offers the trial court the discretion to void a conviction. Because the interpretation of this statute is the primary issue on appeal, we shall set it out in full:

> § 218A.275. Treatment and rehabilitation program for first offenders of possession of controlled substance—Court's discretion to void conviction
>
> (1) Any person found guilty of possession of a controlled substance pursuant to KRS 218A.1416 or 218A.1417 may for a first offense, be ordered to a facility designated by the secretary of the Cabinet for Health Services where a program of treatment and rehabilitation not to exceed one (1) year in duration may be prescribed. The person ordered to the designated facility shall present himself for registration and initiation of a treatment program within five (5) days of the date of sentencing. If, without good cause, the person fails to appear at the designated facility within the specified time, or if at any time during the program of treatment prescribed, the authorized clinical director of the facility finds that the person is unwilling to participate in his treatment and rehabilitation, the director shall notify the sentencing court. Upon receipt of notification, the court shall cause the person to be brought before it and may continue the order of treatment and rehabilitation, or may order confinement in the county jail for not more than one (1) year or a fine of not more than five hundred dollars ($ 500), or both. Upon discharge of the person from the facility by the secretary of the Cabinet for Health Services, or his designee, prior to the expiration of the one (1) year period or upon satisfactory completion of one (1) year of treatment, the person shall be deemed finally discharged from sentence. The secretary, or his designee, shall notify the sentencing court of the date of such discharge from the facility.
>
> (2) The secretary of the Cabinet for Health Services, or his designee, shall inform each court of the identity and location of the facility to which such person is sentenced.
>
> (3) Transportation to the facility shall be provided by order of the court when the court finds the person unable to convey himself to the facility within five (5) days of sentencing by reason of physical infirmity or financial incapability.
>
> (4) The sentencing court shall immediately notify the designated facility of the sentence and its effective date.
>
> (5) The secretary for health services, or his designee, may authorize transfer of the person from the initially designated facility to another facility for therapeutic purposes. The sentencing court shall be notified of termination of treatment by the terminating facility.

(6) Responsibility for payment for treatment services rendered to persons pursuant to this section shall be as under the statutes pertaining to payment of patients and others for services rendered by the Cabinet for Health Services, unless the person and the facility shall arrange otherwise.

(7) Prior to the imposition of sentence upon conviction of a second or subsequent offense, the court shall obtain a report of case progress and recommendations regarding further treatment from any facility at which the person was treated following his first conviction. If such material is not available, the court shall notify the secretary of the Cabinet for Health Services, and the secretary shall cause the person to be examined by a psychiatrist employed by the cabinet to evaluate his mental condition and to make recommendations regarding treatment and rehabilitation. The psychiatrist making the examination shall submit a written report of his findings and recommendations regarding treatment and rehabilitation to the court which shall make the report available to the prosecuting attorney and the attorney for the defendant. The court shall take such reports into consideration in determining sentence. The secretary may decline to cause such examination to be made if the number of psychiatrists on duty in the cabinet is insufficient to spare one from his regular duties or if no such service may be purchased at regular cabinet rates; in such event the secretary shall notify the clerk of the court to that effect within three (3) days after receipt of notification by the court.

(8) None of the provisions of this section shall be deemed to preclude the court from exercising its usual discretion with regard to ordering probation or conditional discharge.

(9) In the case of any person who has been convicted for the first time of possession of controlled substances, the court may set aside and void the conviction upon satisfactory completion of treatment, probation, or other sentence, and issue to the person a certificate to that effect. A conviction voided under this subsection shall not be deemed a first offense for purposes of this chapter or deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Voiding of a conviction under the subsection and dismissal may occur only once with respect to any person.

The Commonwealth argues that because the first section of the statute limits the treatment program only to first offenders convicted of possession of a controlled substance under KRS 218A.1416 and KRS 218A.1417, the entire statute, in particular KRS 218A.275(9), is limited to convictions under those two statutes. Furthermore, subsections 2 through 7 deal with the treatment program itself, detailing when the program would be appropriate as well as its costs and the trial court's follow-up requirements. Because Subsection 1 limits the treatment program to those convicted under KRS 218A.1416 and KRS 218A.1417, all of the subsections dealing specifically with the treatment program would likewise be limited in their application to convictions under those two statutes. Subsection 8 simply allows the court to retain its discretion as to orders for probation or conditional discharge.

While we agree with the Commonwealth that it would be logical to conclude that Subsection 9 would also be limited to convictions under the two statutes enumerated in Subsection 1, we believe that the plain language of the statute mandates another result. The language limiting the

treatment program to only convictions under KRS 218A.1416 and KRS 218A.1417 is found within Subsection 1, so that it would only modify that subsection and any other subsection dealing specifically with that treatment program. Had the limiting language appeared outside of a subsection, such as in the opening paragraph of the statute rather than inside of a subsection, the language clearly would have modified each subsection of the statute. However, this is not the case in this instance.

In fact, Subsection 9 contains its own limiting language, which is not limited to any particular statute, but rather is limited in scope to those first time offenders convicted of possession of a controlled substance. This limitation would logically include all convictions for possession of a controlled substance, encompassing both felony and misdemeanor convictions. Likewise, the subsection allows the trial court to void the conviction "upon satisfactory completion of treatment, probation, or other sentence." The treatment is not even limited to the treatment program set out in the rest of the statute. Having reviewed the statute in question, we hold that KRS 218A.275 is unambiguous in that KRS 218A.275(9) does not limit a trial court from voiding a felony conviction for possession of cocaine under KRS 218A.1415. Therefore, we are not required to do anything further in ascertaining the intent of the legislature in enacting this law. The trial court did not commit any error in voiding Bowles's felony conviction for possession of cocaine.

The Commonwealth next argues that the trial court improperly expunged Bowles's record, while Bowles argues that this action was proper. Both parties look to the definition of "void" and present arguments as to whether a void conviction is necessarily expunged. In our view, however, these arguments are unnecessary because the trial court never ordered either conviction to be expunged under any statute. The trial court only voided Bowles's convictions for illegal possession of cocaine and marijuana under KRS 218A.275(9) and KRS 218A.276(8), respectively. There is nothing in the order to indicate that she intended the convictions to be expunged from the record. The handwritten language at the bottom portion of the second page of the trial court's order appeared after the judge's signature and was apparently written by the deputy clerk who entered the order on June 25, 2002.[7] The judge did not sign, initial, or otherwise approve the handwritten language. Additionally, the statutory requirements for expungement were not completed. For these reasons, we cannot hold that the trial court ordered an expungement of the record. Therefore, the redaction of Bowles's convictions from the record was in error.

For the foregoing reasons, the opinion and order of the Jefferson Circuit Court is affirmed. However, the expungement of Bowles's record is vacated and this matter is remanded for further proceedings.

ALL CONCUR.

7. This is based upon our observation of the original order in the certified record, which shows that Judge Shake used a pen with medium blue ink, while the deputy clerk used a pen with black ink. The handwritten language regarding expungement appears to have been written with the same pen that was used by the deputy clerk in entering the opinion and order. It is logical to conclude that the deputy clerk who entered the order is also the individual who wrote the handwritten language appearing at the bottom of page 2.