**David K. KAREM, Appellant,**

v.

**The BOARD OF TRUSTEES OF the JUDICIAL FORM RETIREMENT SYSTEM, Appellee.**

No. 2007–CA–002035–MR.

Court of Appeals of Kentucky.

May 15, 2009.

**402**

Donald P. Cetrulo, David L. Knox, Lexington, KY, for appellant.

James T. Gilbert, Richmond, KY, for appellee.

Before DIXON and MOORE, Judges; KNOPF,[1] Senior Judge.

*OPINION*

MOORE, Judge.

Former State Senator David K. Karem appeals from an opinion and order of the Franklin Circuit Court denying his request for a declaratory judgment. His cause of action is based on a dispute with the Board of Trustees of the Kentucky Judicial Form Retirement System's calculation of his retirement benefits.[2] He contends the circuit court and the Board erred in the application of law to his case. The facts of this matter are not disputed. Upon review, we affirm.

Senator Karem served in the General Assembly from January 1972 through December of 2004. When he began his public service, members of the General Assembly had no retirement plan unique to them. They were, however, eligible to participate in the Kentucky Employees' Retirement System (KERS). Senator Karem elected to participate in the KERS.

In 1980, the General Assembly enacted Kentucky Revised Statutes (KRS) 6.500 to 6.577, the Kentucky Legislators' Retirement Plan (LRP). Senator Karem participated in the LRP at its inception and transferred his prior legislative service credit with KERS to the LRP. Senator Karem contributed to the LRP a sum equal to five percent of his assumed legislative salary of $27,500, pursuant to KRS 6.520(3).

During the 1994 session of the General Assembly, KRS 21.360, which was made applicable to the LRP by operation of KRS 6.525, was amended to provide that contributions would terminate once a member reached a benefit level of 100 percent of final compensation. Senator Karem reached the 100 percent benefit level set forth in KRS 6.520 on July 15, 1994. Consequently, at that time, his contributions to LRP ceased.

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. The Board administers both the Judicial Retirement Plan and the Legislators' Retirement Plan. KRS 21.530.

Senator Karem's personal contributions while he participated in KERS from January 1, 1972, through June 1980, were $4,486.00. These were transferred to the LRP once it was established in 1980. His personal contributions to the LRP from July 1, 1980, through July 15, 1994, were $18,592.50. Thus, his total personal contributions to the LRP were $23,078.50, which was the amount based on the 5 percent formula of his assumed legislative salary. The Commonwealth made contributions pursuant to the governing formula.[3]

In July of 1994, Senator Karem became the Executive Director of the Waterfront Development Corporation, an affiliate of the City of Louisville, at a salary of $142,026.50. In this position, he was eligible to participate in the County Employees' Retirement System (CERS), administered by the Kentucky Retirement System. At the same time, he continued to serve in the Senate but was no longer contributing to the LRP.[4] He worked in this position until his retirement on January 1, 2005. Senator Karem later returned to this position on February 1, 2005.

In the fall of 2004, Senator Karem made a request to the Executive Director of the Board, Donna Stockton–Early, for a description of his retirement benefits, including his monthly pension calculation. Early determined that based on the assumed salary of $27,500, as set forth in KRS 6.520,[5] for General Assembly members adjusted for cost-of-living, Senator Karem would receive a monthly pension of $2,825.26. Upon receiving this calculation,

he requested that the Board reconsider his pension and specifically asked that his final compensation earned under CERS ($142,-026.50) be used for purposes of determining his pension. The Board declined to reconsider its calculation, deciding that Senator Karem's pension should be calculated based the assumed salary of $27,500 for members of the General Assembly as his final compensation.

Senator Karem then sought relief in the Franklin Circuit Court in the form of a declaratory judgment. The court agreed with the Board's calculation of benefits, and Senator Karem thereafter timely appealed the decision to this Court.

The statutes cited to us by the parties are certainly no model of clarity. Our having worked through the maze of statutes and amendments regarding the various retirement systems puts in perspective the parties' contrary views of this case and the law. This is more evident given the deposition testimony of William P. Hanes, the Executive Director of the Kentucky Retirement Systems, as compared to the deposition testimony of Donna Stockton–Early. Hanes agrees with Senator Karem's view of his pension benefit, while Early, who oversees the LRP, supplied the calculations upon which the Board relies.

■■■ Our obligation is to attempt to ascertain and effectuate the General Assembly's intent from the language found in the statutes, if possible. KRS 446.080(1); *Commonwealth v. Reynolds*, 136 S.W.3d 442, 445 (Ky.2004). Generally, a statute is open to construction only if its language is

---

3. Under a defined benefit plan, the amount of contributions by the member is not a factor to consider in calculating retirement benefits.

4. The law does not allow any "person [to] attain credit in more than one (1) of the retirement plans or systems ... for the same period of service." KRS 6.505(3).

5. KRS 6.520 defines final compensation as the creditable compensation determined in KRS 61.510(13), which is the assumed salary of $27,500.

ambiguous. If the language is clear and the application of its plain meaning would not lead to an absurd result, then further interpretation is unnecessary. *Overnite Transp. Co. v. Gaddis,* 793 S.W.2d 129, 131 (Ky.App.1990). When, however, a statute is ambiguous and its meaning uncertain, the legislative intent should be determined by considering the whole statute and the purpose to be accomplished. *Dep't of Motor Transp. v. City Bus Co.,* 252 S.W.2d 46, 47 (Ky.1952). Additionally, when there is an apparent inconsistency between two statutes, the general rule of statutory construction instructs that the specific provision take precedence over the general. *Commonwealth v. Phon,* 17 S.W.3d 106, 107 (Ky.2000). "When a court construes statutory provisions, it must presume that the legislature did not intend an absurd result." *Workforce Development Cabinet v. Gaines,* 276 S.W.3d 789 (Ky.2008) (internal marks and citations omitted).

No one disagrees that the LRP is a defined benefit plan. Pursuant to the LRP, Senator Karem was promised a specific monthly benefit at retirement based on an assumed salary. The Supreme Court of Kentucky described the LRP as:

> a defined benefit plan because retired legislators are entitled to receive benefits based on a formula from a general retirement fund with no ownership right to an individually maintained retirement account. *See* KRS 6.520(1) (setting forth the formula for calculation of bene-

fits incorporating years of service). *See also Employment Benefit Plans: A Glossary of Terms* (Int'l Found. of Employment Benefit Plans 2000) 1 (describing "defined benefit plan" as involving "a definite formula by which the employees' benefits will be measured.").

*Board of Trustees of the Judicial Form Retirement System v. Attorney General of the Commonwealth,* 132 S.W.3d 770, 774, n. 1 (Ky.2003).

As adopted in 1982, KRS 6.525(2) provided that:

> [a] member of the Legislators' Retirement Plan may combine his service credit with his service credit in the Teachers' Retirement System, Kentucky Employees Retirement System, County Employees Retirement System, and State Police Retirement System at the time of his retirement, according to the procedure of KRS 61.680(2)(a), except that the salary used to determine final compensation[6] shall be based on the assumed salary in KRS 61.510(13)[7] for service while a member of the General Assembly whether or not a member of the Legislators' Retirement Plan.

Senator Karem argues that the circuit court's application of the 2003 amendment to this statute was in error.[8] For the reasons as follows, we conclude that the 1982 version of KRS 6.525(2) referencing KRS 61.680(2)(a) does not grant him the

---

6. As noted *supra,* KRS 6.520 defines final compensation as the creditable compensation as determined in KRS 61.510(13).

7. The assumed salary referenced in KRS 61.510(13) is $27,500.

8. The 2003 Amendment to KRS 6.525(2) provides as follows:

> A member of the Legislators' Retirement Plan may combine his service credit with his service credit in the Teacher's Retirement System, Kentucky Employees Retire-

ment System, County Employees Retirement System, and State Police Retirement System at the time of his retirement, according to the procedure of KRS 61.680(2)(a), except that the salary used to determine final compensation shall be based on the creditable compensation in KRS 61.510(13) for service while a member of the General Assembly whether or not a members of the Legislators' Retirement Plan.

relief he seeks. Thus, regardless of which version of the statute is used, the outcome remains the same under our interpretation of KRS 61.680(2)(a).

Senator Karem argues that pursuant to KRS 61.680(2)(a), he is entitled to combine his service in both the LRP and the CERS for a determination of his final compensation. He relies on the language in KRS 61.680(2)(a) which provides that final compensation "shall be determined as if all service were in one (1) system." However, immediately prior to this provision, the statute provides that service may be combined to "determine eligibility for twenty-seven (27) year retirement . . . **but not the amount of benefits.**" It provides also that "[t]he **computation of benefits shall be based on the applicable formula in each system** and service credit in each system . . . ." The provision upon which Senator Karem relies appears to collide with the other two provisions noted in KRS 61.680(2)(a). Thus, there is an ambiguity in the statute.

Senator Karem's reading of KRS 61.680(2)(a) is illogical when evaluated with the overall statutory scheme in determining retirement benefits for members of the General Assembly. As noted by the Supreme Court of Kentucky, KRS 6.520(1) sets forth the "calculation of benefits" for members of the General Assembly. *See Board of Trustees,* 132 S.W.3d at 774, n. 1. It is beyond dispute that this is based on the assumed salary of $27,500. Moreover, the more specific statutes governing retirement benefits for members of the General Assembly repeatedly use the assumed salary of $27,500. *See* KRS 6.520; KRS 6.525; KRS 61.510. There are no references in the governing statutes to members of the General Assembly receiving

retirement benefits based on any final compensation other than the assumed salary of $27,500.

We cannot read the statutes as Senator Karem urges as, respectfully, his view leads to an absurd result in his case. Using his logic, a member of the General Assembly whose retirement benefits under the LRP are based on a set assumed salary (for which he has contributed the maximum amount and no longer contributes) could then bump up his retirement benefits of what is essentially a part-time position by having his retirement benefits calculated based on a full-time position at a much higher salary.[9] Under the more specific statutes governing retirement benefits of members of the General Assembly and when reviewing the retirement statutes together and in their entity, we believe that Senator Karem's theory cannot possibly reflect the intent of the General Assembly in enacting these statutes. Moreover, we cannot turn a blind eye to the more specific statutes' repeated references to an assumed salary of $27,500 for the purposes of the LRP. Thus, although KRS 61.680(2)(a) contains an ambiguity, the remainder of statutes governing the Commonwealth's retirement system patently illustrates the intent of the General Assembly that retirement benefits under the LRP are calculated on an assumed salary of $27,500.

██ We do not disagree with Senator Karem that the retirement systems granted to members have created inviolable contracts between the participating members and the Commonwealth. *See Jones v. Board of Trustees of Kentucky Retirement Systems,* 910 S.W.2d 710, 713 (Ky.1995); *see also* KRS 21.480. However, "[t]he con-

9. In Senator Karem's case, his full-time employment income is more than five times his legislative pay.

tract between the Commonwealth and its employees is for retirement funding ." *Jones* at 713. As Senator Karem will receive what was promised to him under the LRP, we do not believe that his rights were impaired whatsoever. When he reached 100 percent maximum contribution to the LRP in 1994 and no longer contributed, his inviolable contract right was in place for purposes of the Commonwealth's funding his defined benefit under the LRP; thus, he is entitled to receive retirement benefits based on an assumed salary of $27,500.

For the reasons as stated, we hereby affirm the opinion and order of the Franklin Circuit Court.

ALL CONCUR.